## THOMAS ERD *vs.* CITY OF ST. PAUL.

### March 23, 1876.

**Knowledge by City Council of Defect in Sidewalk—Resolution Directing Repairs.—** One of the material facts in issue before the jury being whether defendant had knowledge of the defective condition of one of its sidewalks at a particular place, a resolution of the city council, directing such sidewalk to be made passable at such place, is competent evidence tending to show such fact.

**Contributory Negligence—Degree of Care Required.—**When contributory negligence is charged, the question is one of ordinary and reasonable care and caution, such as a prudent man under like circumstances would be likely to exercise, having reference to the degree and kind of danger to be apprehended, and the means of avoiding it. A greater degree of care would be required in avoiding an apparently imminent and reasonably certain danger than one of a less certain, or doubtful, character.

**Same—When a Question for Jury.—**Hence the degree of care necessary to constitute ordinary care in any given case necessarily depends upon the peculiar facts and circumstances of each case; and whenever these facts and circumstances are fairly open to doubt or controversy from the evidence, the question of negligence is one for the jury, under proper instructions from the court.

**Same—Question Properly Submitted to Jury in this Case.—**Upon the facts in this case, as stated in the opinion, *held* that the question of plaintiff's contributory negligence was properly submitted by the court to the jury.

**Presumption of Meaning as to Ambiguous Charge.—**When an instruction is given which is open to two constructions, one of which is correct and the other incorrect, as a proposition of law, the former will be presumed to have

been the sense in which it was given and understood, unless the ambiguity was particularly called to the attention of the court, with a request to correct the same.

This action was brought in the court of common pleas of Ramsey county to recover damages for personal injuries sustained by plaintiff by reason of a defective sidewalk, near the corner of Sixth and Fort streets, in the city of St. Paul. The case was transferred to the district court for the same county, and tried before *Wilkin*, J. The plaintiff had a verdict for $300.00; a new trial was refused, and defendant appealed.

*W. A. Gorman* and *Morris Lamprey*, for appellant.

*I. V. D. Heard*, for respondent.

CORNELL, J. The alleged injury in this case happened, as is claimed by plaintiff, by reason of the unsafe and insecure condition of the sidewalk at the place of the accident, which it was the duty of the defendant, under its charter, to keep in repair and reasonably safe for travel.

Whether the defendant corporation had knowledge of this condition of the sidewalk a sufficient length of time previous to the accident to have guarded against it, in the exercise of a reasonable diligence in the discharge of its duty to the public, was a material question of fact for the jury, under proper instructions from the court. The resolution of the common council of June 17, 1874, instructing the board of public works to make the sidewalk passable on the west side of Sixth street and across Fort street, (which was the place of the accident,) had a direct tendency to prove the existence of such knowledge, and was, therefore, properly received in evidence.

It is claimed by defendant that plaintiff knew the exact condition of the sidewalk and its dangerous character at the time of the occurrence of the accident, and had been in possession of such knowledge for some time prior thereto; that he might have avoided the injury, either by going around the defective sidewalk, by crossing over the street

or upon the lots adjacent, or by taking other streets leading to his house which were free from any obstructions, though somewhat farther; and that his failing so to do, and attempt, under the circumstances, to cross over the dangerous place, constituted contributory negligence on his part such as would prevent any recovery, and, therefore, the court erred in its refusal to dismiss the action, on defendant's motion, at the close of plaintiff's testimony.

Plaintiff's residence was near the centre of the block, between Oak and Fort streets, and fronted on Sixth street, along which there was a good sidewalk, eight feet wide, made of plank laid crosswise upon three stringers running lengthwise of the walk. The accident occured about eleven o'clock in the evening of June 19, and the testimony tended to show that some weeks prior thereto the city had commenced the work of sinking a catch basin in Sixth street, near its intersection with Fort street. For this purpose it had torn up the plank from the sidewalk for a space of some five feet, and had excavated there a hole about four feet deep and some five feet in diameter, extending into Sixth street, from the sidewalk, two and one-half feet, and the like distance under the sidewalk. To accommodate the travel the opening in the sidewalk thus made was kept covered over, while the employés were not actually engaged upon the work, by plank laid closely together across it and lengthwise of the walk, and so as to lap over some eighteen inches, upon either side of the opening, upon those portions of the sidewalk in place.

It is apparent that if the opening had been thus kept covered, and the plank, as thus laid, had been kept securely in place by being nailed, the only obstruction and danger to travel would have been that occasioned by the unevenness in the surface of the walk. The plank, however, were not nailed down as laid, and the accident happened by reason of one of these plank being out of place, so that when the plantiff, in

passing in the dark, stepped on the end of it, it tipped and threw him.

The employés of the contractor of the city had been at work there that day. Whether, on quitting work, they had left the plank thus displaced, or it had become so by accident, was a question of fact for the jury. The night was very dark and stormy. The place was not left lighted or guarded in any manner, save as above indicated. Plaintiff had been in the daily habit of passing over this place and sidewalk in going to and from his home to his place of employment, and this was his most direct and invariable route. He was belated, the evening in question, by reason of the storm, the abatement of which he had been awaiting. There was other testimony tending to show that Sixth street, adjacent the place of the accident, as well as the lots opposite thereto, were not entirely free from obstructions likely to endanger a pedestrian in the dark, not wholly familiar with the condition of such localities, as the plaintiff testifies he was not.

In view of this testimony it cannot be held, as matter of law, that the plaintiff was guilty of culpable negligence, contributing to the injury, in not avoiding the defective sidewalk and attempting to reach his home by some less familiar and more circuitous route. The question in this, as in all cases of negligence, is one of reasonable and ordinary care and caution, such as a prudent man under like circumstances would be likely to exercise, having reference to the degree and kind of danger to be apprehended, and the means of avoiding it. A greater degree of care would be required in avoiding an apparently imminent and reasonably certain danger than one of a less certain, or doubtful, character. Hence the degree of care necessary to constitute ordinary care in any given case necessarily depends upon the peculiar facts and circumstances of that case; and whenever any of these facts and circumstances are fairly open to doubt or controversy from the evidence,

the question of negligence is one for the jury, under proper instructions from the court.

In this case, whether plaintiff, from his previous knowledge of the condition of the sidewalk at the place of the accident, had at that time any reasonable cause to apprehend any such displacement of the plank as occasioned the injury ; whether, in case it had not been so misplaced, and had the opening been covered in the same way previously observed by him in his frequent passages over it, there was any such degree of danger in the attempt to cross it as would, under the circumstances, have prevented a prudent and careful man, in the exercise of ordinary care, from encountering the risk ; and whether the condition of the adjacent street and lots, over which it is claimed he should have gone, was any less hazardous, taken in connection with plaintiff's knowledge of such their condition, were all matters properly bearing upon the question of his negligence, and fairly open to enquiry and the determination of the jury. It is at least quite clear that the court would not have been justified in assuming these questions of fact as settled adversely to the plaintiff by the evidence, and beyond controversy. The motion to dismiss the action was properly denied.

It is objected as error, by defendant, that the court, in its charge to the jury, stated that " the plaintiff was not required to use all possible care to avoid danger," and that " a party travelling along a highway was not bound to go around for every obstruction." Neither of these instructions, taken in their connection with the charge as given, and as applied to the testimony in the case, was erroneous.

The court, in its general charge to the jury, very concisely and correctly stated the rules of law upon the question of negligence, both as applicable to the city, in the prosecution of its work of improvement, and to the conduct of the plaintiff in crossing, or attempting to cross, the defective sidewalk, and his duty to exercise reasonable and

ordinary care and prudence in detecting and avoiding danger. In view of these general instructions, and the testimony in the case, its modification of the defendant's request —that " a man has no right to invite peril or run into danger. If, for instance, the plaintiff had reasonable cause to believe, when he stepped upon the place where the accident occurred, that there was danger of his falling and being injured, he was not justified in encountering the danger "—by adding thereto, " but the plaintiff might do as a man of reasonable and ordinary prudence and care would do under the circumstances. The plaintiff was only required to use reasonable and ordinary care to avoid danger," was not error. In other words, in determining, in this particular case, whether the conduct of plaintiff was that of a man inviting peril or running into danger, or whether he had reasonable cause for belief in the existence of the imputed danger, it was the duty of the jury to apply to him the rule of ordinary care and caution which a reasonably prudent man under like circumstances would be likely to use and exercise. This was proper to prevent the jury from being misled by the abstract character of the request.

At plaintiff's request the following instruction was given : " If the defendant was grossly in the wrong, to prevent plaintiff from recovering on the ground of plaintiff's negligence, defendant must make it appear to the satisfaction of the jury that plaintiff was negligent." This instruction is inaccurately drawn, inasmuch as it is open to two constructions, one of which would be correct and the other incorrect, as a proposition of law. If it is to be understood as declaring that plaintiff's negligence must be made to appear by defendant, from the testimony on its part, without reference to the evidence of the whole case, then it was erroneous. If, however, it is to be construed as simply stating that the defendant must make such fact appear to the satisfaction of the jury from an examination of the whole evidence,

then it was not error. Inasmuch as the particular point of the objection was not called to the attention of the court by the defendant, and as we are satisfied from the whole evidence that no substantial injustice has been done, we cannot grant a new trial on account of this technical error.

The following instruction was properly excepted to by defendant, and is now claimed as error: "If the city is responsible at all, it ought to make good to the plaintiff the dislocation of his shoulder, and his time from the accident to the commencement of this suit, at $3.00 per day."

It is admitted by defendant in its answer that plaintiff's time during his illness was worth $3.00 per day, and there is no controversy but that his loss of time continued from the accident to the commencement of the suit. To make good to plaintiff the dislocation of his shoulder and time lost was equivalent to saying that full compensation should be awarded him for damages sustained by reason of such dislocation and lost time, and was, in this sense, unobjectionable.

Order affirmed.