JOHN H. DOWNS v. ST. PAUL CITY RAILWAY COMPANY.

*December 20, 1898.*

Nos. 11,395—(173).

**Street Railway—Personal Injury—Contributory Negligence—Verdict.**
> Action for personal injuries. Evidence considered, and *held*, that the trial court correctly directed a verdict for the defendant on the ground that the person injured was guilty of contributory negligence.

From an order of the district court for Ramsey county, Otis, J., denying plaintiff's motion for a new trial, after directing a verdict for defendant, plaintiff appealed. Affirmed.

*O. H. O'Neill*, for appellant.

*Munn & Thygeson*, for respondent.

START, C. J.

The plaintiff brought this action, on behalf of his minor son, to recover for personal injuries sustained by him in a collision with one of the defendant's electric cars.

At the close of the evidence the trial court directed the jury to return a verdict for the defendant, on the ground that no negligence had been shown on the part of the defendant, and, further, that the uncontradicted evidence showed, as a matter of law, that the boy was guilty of contributory negligence.

The plaintiff appealed from an order denying his motion for a new trial.

The plaintiff here claims that the defendant had no authority or license to operate electric cars at the place where the collision occurred, and that in so operating them there it "was guilty of maintaining a common nuisance, and therefore responsible, irrespective of any negligence upon its part, to whomsoever it injured thereby, unless such person was guilty of negligence which contributed to or caused the injury." In view of this concession that negligence on the part of the person injured would be a defense even if the defendant were at the time operating its electric cars without authority, it is unnecessary to determine whether it had such authority, or, if so, whether it would be responsible to any

person injured by its cars, irrespective of its negligence in the premises; for we are of the opinion that the trial court correctly directed a verdict in this case on the ground of the boy's contributory negligence.

The undisputed evidence upon this question establishes these facts: On the date of the accident, and for some time prior thereto, the defendant had a power house and car barn at the southeast corner of Dale street and Selby avenue, in the city of St. Paul, fronting 200 feet on the avenue, with a stone sidewalk 11 feet wide along the entire front of the building. There were two doors, each about 13 feet in width, opening upon the sidewalk. Switch tracks were laid from the defendant's main tracks on the avenue across the sidewalk through each of the doorways into the building. The defendant was accustomed to run its cars in and out of the building along the switch tracks across the sidewalk.

Electricity was the motive power which moved the car by which the boy was injured. He was at this time 16 years old, and his testimony indicates that he was a bright boy. He had been employed in a drug store one block west from the power house for eight months prior to the accident, during which time he passed the building very often. He knew the doors and tracks were there, and that the cars were going in and out of the building very often, and that a car was liable to come out at any time. At about 10 o'clock in the forenoon of August 30, 1897, he went on an errand to a drug store located on the avenue east of the power house; and on his return, as he was trotting or running along the sidewalk in front of the power house, and about 2 feet therefrom, a car came out through the easterly doorway and struck him. He did not see or notice the car until he was hit. The front of the car stood, when it was started out, about 1 foot inside of the door. It moved out slowly, not as fast as the motorman could walk, and did not go more than 4 feet before the boy was struck, nor more than 7 feet in all before it was stopped. It was some 7 feet wide and 14 feet high.

There can be but one inference reasonably drawn from these facts, and that is that, if the boy had exercised any care in passing the doorway through which the car came, he would not have been injured. He was bound to exercise ordinary care. It may be con-

ceded that he was not, as a matter of law, bound to stop and look through the doorway before crossing the tracks; but it was negligence for him to heedlessly trot along in front of the opening, and only 2 feet therefrom, without doing anything to ascertain whether a car was coming out,—knowing that one might come out at any moment. It is apparent that the slightest attention on his part— even turning his head and looking towards the doorway—would have enabled him to have avoided injury. It could not have been otherwise, in view of the size of the car, the slowness of its movement, and the fact that it had moved only 4 feet when the collision occurred. He was guilty of contributory negligence.

Order affirmed.