SOLOMON B. TAYLOR v. CITY OF MANKATO.[1]

October 25, 1900.

Nos. 12,263—(73).

**Personal Injury—Defective Sidewalk—Contributory Negligence.**

> One who, while traveling along a public thoroughfare in the suburbs of a city, on a dark night, with knowledge of a defect in the sidewalk, leaves the road, and takes the walk, and is injured by falling into the opening which he is trying to avoid, is not, as a matter of law, guilty of contributory negligence.

Action in the district court for Blue Earth county to recover $2,000 damages for personal injuries. The case was tried before Cray, J., and a jury, which rendered a verdict in favor of plaintiff for $500. From an order denying a motion for judgment in favor of defendant notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*C. O. Dailey*, for appellant.

*W. E. Young*, for respondent.

LEWIS, J.

The plaintiff, a man sixty-three years of age, was walking along one of the main traveled thoroughfares entering the city of Mankato, on a dark night, at about eight o'clock in the evening of April 1, 1899. At a given point beyond the Blue Earth river, in West Mankato, a plank sidewalk commenced upon one side of the street, and continued towards the main part of the city. The sidewalk consisted of pine planks, about six feet long, laid across stringers, and, for more than a month prior to the date mentioned, had been in a defective condition, which defect was caused by the removal of

1 Reported in 83 N. W. 1084.

one of the planks, leaving a hole about six feet long, seven inches wide, and ten inches deep. The street upon which plaintiff had been traveling was a well-graded roadway, but upon this occasion was wet and sloppy. There was no sidewalk on the opposite side of the street, and no regular or even place for foot passengers. The plaintiff had known for a month, at least, of the defect in the sidewalk. On the night in question he had walked along the highway, from the country, a distance of about four miles, on his way to his home, a few blocks farther on towards the city, and, coming to the sidewalk, he left the road, and took the walk, stepped into the hole, and was injured. This action was brought to recover damages for such injury, and the trial resulted in a verdict for plaintiff. From an order denying its motion for a new trial, defendant appeals.

The assignments of error present only one question for review, viz.: Was the plaintiff guilty of contributory negligence? It has been often held in this court, beginning with the case of Erd v. City of St. Paul, 22 Minn. 443, and ending with Lyons v. City of Red Wing, 76 Minn. 20, 78 N. W. 868, that previous knowledge that a public way is out of repair does not conclusively establish negligence on the part of a person attempting to traverse it; that the true test is, what would a man of ordinary prudence do under the circumstances? Appellant insists that, under the circumstances of this case, the plaintiff was bound to avoid the sidewalk entirely, and keep to the road, until he had passed the point of danger; that, having elected to leave a perfectly level way for a walk which he knew contained a hole into which he might step on account of the darkness, the plaintiff did that which the ordinary man, in the exercise of reasonable care and caution, would not do.

The case mainly relied on in support of this contention is Wright v. City of St. Cloud, 54 Minn. 94, 54 N. W. 819. The facts in that case are essentially different, and counsel has probably given undue weight to certain generalizing language in the opinion. There, the accident occurred in the daytime, and the plaintiff could and did see the dangerous condition of the path, made slippery and uneven by the melting and tramping of snow, which had not been removed for a long time. Such treacherous path continued over a considerable

space, while the opposite side of the street was cleared from snow and easily accessible by crossing over. Under such conditions, it was properly held that the plaintiff was not in the exercise of reasonable care in attempting to walk along the uneven path.

But in the case before us there was no path or sidewalk on the opposite side. The roadway was wet and sloppy, and was a frequently traveled thoroughfare. It was a dark night. The opening consisted of a space seven inches wide, over which one might easily step. The plaintiff, knowing that the plank was out, was mindful of the fact, was looking for the hole, thought he had passed it, and, after two or three steps more, stepped into it. The test to be applied is, what would a person of ordinary prudence have done under the circumstances? Would he have kept to the road in the wet, with a chance of meeting teams, or have taken the walk, and tried to avoid the hole? We think it was a question for the jury to determine.

Order affirmed.