### ADAM FRIDAY v. CITY OF MOORHEAD.[1]

November 1, 1901.

Nos. 12,723—(44).

**Contributory Negligence.**

In an action to recover damages for personal injuries, the evidence is examined, and *held* to show conclusively plaintiff's contributory negligence.

Appeal by plaintiff from an order of the district court for Clay county, Baxter, J., granting defendant's motion for judgment in its favor notwithstanding a verdict in favor of plaintiff for nine hundred dollars. Affirmed.

*C. A. Nye, Halvor Steenerson* and *Charles Loring*, for appellant.
*J. M. Witherow* and *F. H. Peterson*, for respondent.

[1] Reported in 87 N. W. 780.

84 M.—18

BROWN, J.

This was an action to recover damages for personal injuries alleged to have been caused by a defective street in defendant city. Plaintiff had a verdict in the court below, but on motion the court granted judgment in defendant's favor notwithstanding the verdict, and plaintiff appealed.

Two principal questions were submitted to the jury in the court below, namely: (1) Whether defendant was chargeable with negligence with respect to the condition of the street on which plaintiff was injured; and (2) whether plaintiff was guilty of contributory negligence. The jury found in plaintiff's favor on both issues, but the court, deeming the evidence of plaintiff's contributory negligence conclusive against him, ordered judgment for defendant.

It is unnecessary to enter into a discussion of the question of defendant's negligence. It may be conceded, for the purposes of the case, that the evidence on that issue was sufficient to take the case to the jury, and we have for consideration the question as to plaintiff's contributory negligence only. We have carefully examined the record presented to us, and reach the conclusion that the learned trial court correctly disposed of the case, in ordering judgment for defendant notwithstanding the verdict, and that the order appealed from must be sustained.

The accident resulting in plaintiff's injuries occurred on one of the principal streets of the city. The street had been previously graded and improved by the public authorities pursuant to plans adopted by them, and in doing so its surface was made to slope on either side so that the outer lines thereof were something like two feet lower than the center. In view of the fact that defendant's negligence with respect to the condition of the street is conceded for the purposes of the case, it is not important whether plaintiff's contention that the authorities left it in an uneven and unfinished state is true or not. He knew of its actual condition. It was covered with ice and very slippery at the time in question, by reason of which plaintiff's wagon, on which he was drawing a heavy load of flax straw, slipped down the grade to the outer line of the street, and, striking some obstacle, was overturned, throw-

ing plaintiff with some violence to the ground, and causing the injuries complained of.

The testimony presented on the trial showed clearly and conclusively that plaintiff well knew the condition of the street. He observed before going upon it that it was covered with ice and very slippery, and knew that it was dangerous to attempt to pass over it with his load. There was another street on which he could have passed with perfect safety. Having full and present knowledge of the condition of the street, he must be deemed, as a matter of law, to have assumed the risks incident to passing over it. It is not a case of coming suddenly upon an unknown defect, or upon a known defect, but without present knowledge of it. Plaintiff himself testified that he had been over the street prior to this time, and knew its condition, and that before reaching the point in question he discovered its icy state, and knew that it was dangerous to attempt to pass over it.

We are cited to no authorities sustaining the right of a party to recover in an action of this kind under such circumstances. Wright v. City of St. Cloud, 54 Minn. 94, 55 N. W. 819, and Anderson v. City of St. Cloud, 79 Minn. 88, 81 N. W. 746, are directly in point. In the Wright case plaintiff attempted to pass along a sidewalk which was covered with ice and snow, very uneven, and unsafe for travel; but it appeared on the trial that she knew of such condition, and could have passed safely on the other side of the street, where the sidewalk was clear. It was held that she was guilty of contributory negligence, and could not recover. In the Anderson case, plaintiff knew the condition of the bridge over which he attempted to pass with a heavily-loaded wagon. The court held that because of such knowledge he was guilty of contributory negligence, and could not recover. In the case of Downs v. St. Paul City Ry. Co., 75 Minn. 41, 77 N. W. 408, it was said that the fact that a danger is known precludes a recovery in case of injury when it is apparent and of such a character as to impose upon one who passes it a hazard that an ordinarily prudent man would not incur.

Of course, the special facts of a particular case might furnish a reasonable justification for an attempt to pass over a defective

street with present knowledge of the defects; and the mere passing over such a street with such knowledge is not necessarily conclusive evidence of contributory negligence, or assumption of the risk, which is the same thing. But the evidence in the case at bar presents no special conditions or circumstances such as to relieve plaintiff, and, within the rule of authorities cited, he cannot recover.

Order affirmed.