JOHN L. MURPHY v. CITY OF SOUTH ST. PAUL.[1]

June 14, 1907.

Nos. 15,168—(158).

**Defective Sidewalk—Contributory Negligence.**

> In this, a personal injury action, it is *held* that the evidence justified
> the jury in finding that the defendant was negligent in not exercising
> reasonable care to keep one of its sidewalks in safe condition, whereby
> the plaintiff was injured; that the mere fact that the plaintiff knew that
> the walk was in a defective condition was not sufficient to charge him
> with contributory negligence as a matter of law; and, further, that the
> verdict as reduced is not excessive.

Action in the district court for Dakota county to recover $15,150
for personal injuries. The case was tried before Crosby, J., and a
jury, which rendered a verdict in favor of plaintiff for $6,448. From
an order denying a motion for judgment notwithstanding the verdict
and granting a motion for a new trial unless plaintiff should consent
to a reduction of the verdict to $2,500, defendant appealed. Affirmed.

*P. H. O'Keefe,* for appellant.

*Samuel A. Anderson* and *Albert Schaller,* for respondent.

START, C. J.

Action to recover damages which the plaintiff claims to have sus-
tained by reason of the alleged negligence of the defendant city in
not keeping the sidewalk on one of its streets in a reasonably safe
condition. The answer was a general denial, and, further, that the
plaintiff was guilty of negligence contributing to his injury. There
was a trial by jury, and a verdict for the plaintiff in the sum of $6,448.
The defendant made a motion for judgment in its favor notwithstand-
ing the verdict or for a new trial. The trial court made its order de-
nying the motion for judgment and denying the motion for a new
trial upon condition that the plaintiff consent to a reduction of the
verdict to $2,500 and remit all in excess of that sum. The plaintiff
filed his written consent to such reduction, and remitted the excess,

[1]Reported in 112 N. W. 259.

within the time limited by the order. The defendant appealed from the whole order.

The first contention of the defendant is that there was no evidence of any actionable negligence on the part of defendant, for the reason that it conclusively appeared from the evidence that the defendant had neither actual nor constructive notice of the alleged defect in the sidewalk. There was no evidence of actual notice, but there was evidence tending to show that the walk was constructed of wood, and had been in use for some ten or twelve years; that it was obviously in a defective condition for some time before the accident in several places near the point of the accident; that on May 19, 1906, the plaintiff and a friend were walking along the sidewalk, when the latter stepped on a plank in the walk, which broke through, one end of it flew up, caught the foot of the plaintiff, and threw him down, whereby he was injured; and, further, that the plank was so badly decayed that an inspection of the walk would have disclosed its condition. The defendant was bound to take notice of the certain tendency of wooden sidewalks to decay and to become in an unsafe condition. The evidence was sufficient to sustain a finding by the jury that, if the city had exercised ordinary care in inspecting the sidewalk in question, it would have discovered its defective condition in time to have repaired it and avoided the accident. The question of the defendant's negligence was, then, one of fact and not of law. Hall v. City of Austin, 73 Minn. 134, 75 N. W. 1121.

The second claim of the defendant is that the evidence conclusively shows that the plaintiff was guilty of contributory negligence. The plaintiff was an experienced carpenter, had passed over the sidewalk every day for six months before the accident, and had observed dangerous places in it at places other than at the point of the accident. The evidence, however, does not show that he had any actual knowledge of the defect in the walk at the point of the accident prior to his injury; and, were it otherwise, such fact alone would not establish his contributory negligence as a matter of law. Clearly the question of his contributory negligence was one of fact. Lyons v. City of Red Wing, 76 Minn. 20, 78 N. W. 868.

The last contention of the defendant is that in any event it was entitled to a new trial because the verdict, as reduced, is excessive, and,

further, that the amount of damages awarded by the jury was so excessive as to indicate clearly that they were actuated by such passion and prejudice as must have affected their finding on the other issues. The evidence so clearly supports the verdict on the question of the defendant's negligence and the contributory negligence of the plaintiff that no claim can fairly be made that the finding on those issues was the result of passion or prejudice.

The question of damages, however, is an important one. The evidence shows that the immediate effect of the plaintiff's injury was not serious, and that he continued to work for some six days after the accident, when he was obliged to cease working on account of his physical condition. The evidence is also quite conclusive that at the time of the trial of the action he was in a serious mental and physical condition and was suffering from traumatic neurosis. If such condition was the result of the injury he received by the breaking of the plank in the sidewalk, the verdict as reduced is quite moderate, and as originally returned not so excessive as to justify the conclusion that the verdict was the result of passion or prejudice. On the other hand, if his subsequent condition was not due to his injury by the defective sidewalk, but to a previous injury he had received on his head, as claimed by the defendant, a verdict of $2,500 would be excessive, and a new trial should be granted. The question whether or not there should be a new trial depends, then, upon whether the evidence is sufficient to sustain a finding by the jury that the plaintiff's condition at the time of the trial was due to the injury he received from the defective walk. The evidence is conflicting on this question, but the conclusion which we draw from a consideration of the whole evidence is that it is sufficient to sustain such a finding. It follows that the verdict as reduced is not excessive, and that this is not a case where a new trial should be granted on the ground of excessive damages.

Order affirmed.