# HENRY C. JOHNSON v. CITY OF WILLMAR.[1]

May 13, 1910.

Nos. 16,538—(71).

**Use of street — contributory negligence.**

> Action to recover damages for injury to a team of horses which fell into
> an unguarded ditch in a public street. *Held,* it conclusively appears from
> the evidence that respondent was guilty of contributory negligence while
> attempting to drive the team along the driveway by the side of the ditch.

Action in the district court for Kandiyohi county to recover $389.·
50 damages for injuries to a span of horses and buggy, received
while driving upon a public street by reason of the horses falling
into an excavation. The answer set up the negligence of plaintiff.
The reply was a general denial. The case was tried before Qvale, J.,
and a jury which returned a verdict in favor of plaintiff for $187.50.
From an order denying defendant's motion for judgment notwith-
standing the verdict or for a new trial, it appealed. Reversed and
judgment ordered for appellant.

*Samuel Porter,* for appellant.
*T. O. Gilbert,* for respondent.

LEWIS, J.

Respondent stabled his team of horses in a barn located on the west
side of Seventh street, in the city of Willmar, about one hundred
feet south of Trott avenue, and, finding no other way of driving in
and out, he removed certain tile, plank, and débris, left by the con-
tractors on the west side of a tile ditch in the center of Seventh street,
and piled it along the curb, thus making a driveway ten or twelve
feet wide next to the ditch. On the evening of August 28, 1907,
respondent drove his team, hitched to a buggy, out from the barn

1Reported in 126 N. W. 397.

and up this driveway to Trott avenue, thence west, and returned about nine o'clock in the evening. It was quite dark, although there was a street light at the corner of Trott avenue and Seventh, and two or three red lights along the excavation. As he turned the corner from Trott avenue onto Seventh street, going south, the right wheel of his buggy grated against a large stone located at the southwest corner of the intersection of these two streets, which startled the horse on the left side, and it sprang forward and fell into the ditch, dragging the other horse with it.

This action is based on the negligence of the city in maintaining the excavation in the street without barriers. A verdict was recovered for $187.50. The only question necessary to consider is whether it conclusively appears from the evidence that respondent was guilty of contributory negligence. The undisputed evidence is that respondent was thoroughly familiar with the locality, and had assisted in removing the débris over toward the west side of Seventh street for the purpose of clearing a space wide enough to drive out and back to the barn. The stone at the corner was twenty feet from the ditch on Seventh street, five or six feet from the upthrown dirt on Trott avenue, and respondent knew all about it, and having deliberately prepared the route, the accident cannot be attributed to anything but his own carelessness.

The case is controlled by Friday v. City of Moorhead, 84 Minn. 273, 87 N. W. 780. In that instance the driver might have traveled upon another street to reach his destination, but that circumstance does not distinguish the two cases. We are of opinion that it conclusively appears from the record that respondent was guilty of contributory negligence and cannot recover.

Reversed and judgment ordered for appellant.