EMMA HUFMAN v. CITY OF CROOKSTON and Another.[1]

January 13, 1911.

Nos. 16,898—(184).

**Obstructing street — questions of fact — evidence.**

> In an action to recover for personal injuries, in which defendants were jointly charged with negligence in obstructing a public street, defendant bridge company in placing building material on and across a sidewalk, and the city, with knowledge of the fact, permitting the same, it is *held* that the evidence presented questions of fact, both with reference to the alleged negligence of defendants and the contributory negligence of plaintiff, and sufficiently supports the verdict.

Action in the district court for Polk county against defendant city and the Minneapolis Bridge & Iron Company to recover $5,000 for personal injuries. The complaint alleged that at the place of the accident the sidewalk had been broken and partially torn up by dragging and hauling heavy timbers and materials across the walk, which had caused the sidewalk to sink and become sagged and sloping, icy and slippery, by reason of which condition it was made

[1]Reported in 129 N. W. 219.

dangerous for presons to walk along. The separate answer of the
city alleged that plaintiff did not fall or slip because of any obstacle
on the sidewalk, nor because of any defect in its construction or con-
dition, but the slipping was caused wholly by a thin coating of smooth
ice which covered the walk and was wholly the result of natural con-
ditions, and was not caused by any act or neglect on the part of de-
fendant city, and alleged that plaintiff was negligent and assumed
all risks from traveling thereon. The separate answer of defendant
bridge company was a general denial.

The case was tried before Watts, J., and a jury which returned a
verdict for $860 in favor of plaintiff and against both defendants.
The motion of defendant bridge company for judgment notwith-
standing the verdict was denied. From the judgment entered pur-
suant to the verdict, defendants appealed separately. Affirmed.

*Charles Loring,* for appellant city of Crookston.

*Bracelen & Cronin,* for appellant Minneapolis Bridge & Iron
Company.

*R. J. Montague* and *James E. Montague,* for respondent.


BROWN, J.

During the months of December, 1908, and January, 1909, de-
fendant bridge company was engaged in the construction of a bridge
across the Red Lake river at Crookston, under a contract with the
city. In the performance of the work it occupied with material and
its tools and implements a part of Robert street, near the south end
of the bridge under construction. On January 5, 1909, a plank
belonging to the bridge company and a part of the material for the
bridge lay across the sidewalk on the north side of the street, and
near the south end of the bridge, in such a manner that one end
thereof lay upon and across the walk, and the other end upon the
adjoining bank, about two feet higher than the walk. The evidence
does not show how long this particular plank had remained in this
position across the walk; but it does appear that the sidewalk at this
point had been obstructed by the bridge company, to the knowledge
of city officials, with planks and other building material, for a con-
siderable time prior to the time plaintiff was injured.

The street is much frequented by the citizens in going into the city and returning to their homes. The plaintiff resided in that portion of the city beyond the bridge operations, and in going into the business center of the city ordinarily passed along the street upon which the bridge construction work was in progress. In the afternoon of January 5, 1909, on returning to her home, she passed along the sidewalk over which the plank referred to was lying. In attempting to pass over the plank, she tripped and fell to the walk, receiving the injuries complained of. She could have passed over the walk on the opposite side of the street, upon which there were no obstructions. She testified, however, that she was unaware of the obstructions upon the walk at the point where injured.

She thereafter brought this action to recover for her injuries, charging the bridge company with negligence in obstructing the sidewalk with its building material, and particularly with the plank in question, and the city with negligence in permitting, with knowledge of the facts, the obstructions to be and remain thereon. Plaintiff had a verdict. Defendants separately moved for judgment notwithstanding the verdict, which was denied. Judgment was thereafter entered for plaintiff, and defendants appealed.

The only questions presented by the assignments of error are (1) whether evidence is sufficient to sustain the verdict of negligence against defendants, or either of them; and (2) whether plaintiff was as a matter of law guilty of contributory negligence.

It is the contention of counsel for the city that the presence of the plank across the walk was the sole cause of plaintiff's injury, that the city was in no manner responsible therefor, and, therefore, that a verdict should have been directed in its favor. It appears from the evidence that in the immediate vicinity of the plank there was a depression in the sidewalk, which was covered with snow; and it is the contention of counsel for the bridge company that this was the cause of plaintiff's injury, that the plank was in no way the cause of the accident, and, therefore, that a verdict should have been instructed in its favor.

A careful reading of the record leads to the conclusion that the question whether the accident was caused by the plank or the slippery condition of the depression in the sidewalk was one of fact, and

that the evidence supports the conclusion that the obstruction created by the plank was the cause of the tripping and falling complained of. The evidence also supports the conclusion, as to plaintiff, that both defendants were responsible for the defect thus created. The plank was placed across the walk by the employees of the bridge company, and the city officials knew, some time prior to the accident, that the street and sidewalk at this point were being obstructed by that company. While the city authorities had no notice of the particular plank, they were informed of obstructions to travel in general, and made no effort to prevent the same. The question was for the jury. We are not concerned with the question of liability as between defendants. As to plaintiff, they were joint wrongdoers.

The evidence also made the question of plaintiff's contributory negligence one of fact. The cases of Wright v. City of St. Cloud, 54 Minn. 94, 55 N. W. 819, and Friday v. City of Moorhead, 84 Minn. 273, 87 N. W. 780, are not in point. In those cases it affirmatively appeared that plaintiffs therein well knew of the defects in the street over which they attempted to pass, and that there was another safe passage over the same or another street. Such knowledge does not appear in the case at bar—at least, not conclusively.

Judgment affirmed.

JAGGARD and SIMPSON, JJ., took no part.