# FRANK MAKI v. CITY OF CLOQUET.[1]

November 10, 1911.

Nos. 17,147—(21).

**Defective sidewalk — notice of defect.**

In an action to recover damages for personal injuries caused by an alleged defective sidewalk, it is *held* that the evidence sustains the verdict as to defendant's negligence and plaintiff's alleged contributory negligence, that there were no errors committed on the trial in the instructions or refusal to instruct the jury, and that the notice of the injury given the city council was sufficient.

Action in the district court for Carlton county to recover $595 for personal injuries and loss of time occasioned thereby. The complaint alleged that plaintiff was walking on a sidewalk in defendant city with a companion who stepped upon a loose plank in the sidewalk, causing the other end to spring up and strike plaintiff on the right knee; that defendant city had actual knowledge of the unsafe and defective condition of the sidewalk for more than three months prior to the accident; that, within thirty days of the injury, plaintiff served upon defendant written notice thereof and of claim for compensation, stating the time, place and circumstances under which it occurred. The answer denied the allegations of the complaint, except that defendant was a municipal corporation. The case was tried before Cant, J., and a jury which returned a verdict in favor of plaintiff for $250. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*J. A. Fesenbeck*, for appellant.
*Walter L. Case*, for respondent.

[1] Reported in 133 N. W. 80.

[Note] Liability of municipal corporation for defects and obstructions in street, see note in 20 L.R.A.(N.S.) 513, and as to contributory negligence as affecting liability of municipality for such defects and obstructions, see note in 21 L.R.A.(N.S.) 614.

116 M.—2.

BROWN, J.

Action for personal injuries caused by the defective condition of a sidewalk in defendant city. Plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment or a new trial.

Four contentions are made and discussed in the brief: (1) That the evidence affirmatively disclosed contributory negligence on the part of plaintiff; (2) that the evidence fails to show negligence on the part of defendant; (3) that the court erred in refusing a requested instruction to the jury; and (4) that the notice of claim of injury, given under section 768, R. L. 1905, was insufficient.

Our examination of the record leads to an affirmance. We find therein ample evidence of the defective condition of the sidewalk, and that this condition had existed for a long time prior to the injury to plaintiff, probably for several years. The long-continued existence of the defects was notice to the city, and rendered it liable for injuries resulting therefrom. While the complaint charged defendant with actual notice of the defect, the evidence disclosed only constructive notice. The point made that evidence of constructive notice was insufficient under the allegations of actual notice is not sustained. Constructive notice is included within actual notice, and in a case of this kind is sufficient under a pleading charging the latter. In other words the greater includes the less.

The claim of contributory negligence is based upon the contention that plaintiff knew that the sidewalk was defective, nevertheless made use of it. This is not conclusive against him. The evidence made the question one of fact. McKenzie v. City of Northfield, 30 Minn. 456, 16 N. W. 264.

There was no error in the refusal of the court to instruct the jury as requested by defendant. The request embodied a correct abstract proposition of law, and to the effect that, if plaintiff was injured in some way other than upon the sidewalk, he could not recover. The court had plainly told the jury that plaintiff's right to recover was founded upon the negligence charged in the complaint, and sufficiently negatived the right to recover upon some other ground.

The notice to the city was sufficient. It pointed out the defect and the location thereof, and answered every purpose of the statute. Order affirmed.