## JULIA BOWEN v. CITY OF ST. PAUL.[1]

May 5, 1922.

No. 22,784.

**Duty of pedestrian in guarding against defects in public street.**

1. The rule of reasonable care does not impose upon the pedestrian in the use of public streets and sidewalks a constant vigilance to discover and guard against defects therein; he may assume that they are in proper and safe condition and direct his attention in part to other dangers naturally to be anticipated and guarded against.

**Contributory negligence for the jury.**

2. The evidence made the issue of contributory negligence one of fact for the jury.

Action in the district court for Ramsey county to recover $5,000 for personal injuries. The case was tried before Michael, J., who at the close of the testimony denied defendant's motion for a directed verdict on the ground that it appeared as a matter of law that plaintiff was guilty of contributory negligence, and a jury which returned a verdict for $1,500. From an order granting defendant's motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed.

*Herbert P. Keller* and *George G. Chapin,* for appellant.
*Arthur E. Nelson* and *Eugene M. O'Neil,* for respondent.

[1]Reported in 188 N. W. 544.

BROWN, C. J.

The facts in the case are not in material dispute. Plaintiff was a passenger on a street car on one of the car lines of St. Paul intending to transfer to another line at "Seven Corners," a junction or intersection of several diverging streets in that part of the city. She alighted when the car stopped at the usual point and with other passengers with like intentions of transfer passed around the rear of the car and thence directly to the sidewalk a few feet distant. The place where the car so stopped was 40 or 50 feet from the street intersection, but passengers were customarily discharged at that point. A corner had been broken from one of the curbstones extending along the street line, leaving a V shaped hole or depression some four inches wide and of the same depth directly in the path or route taken by the passengers to reach the sidewalk. Plaintiff stepped into this hole or depression, being unaware of its presence, and was thereby caused to be thrown to the ground, severely wrenching her ankle and otherwise injuring her person.

Plaintiff subsequently brought this action to recover for her injuries, charging in the complaint that they were caused by the defect in the curbstone, and that the defect was the result of defendant's negligence. Defendant by answer put in issue the allegations of the complaint and affirmatively alleged that the injury suffered by plaintiff was occasioned by her own contributory negligence. Plaintiff had a verdict which on motion was set aside and judgment ordered for defendant, on the ground of plaintiff's contributory negligence, thus sustaining the affirmative defense interposed by the answer. Plaintiff appealed.

The single question presented by the appeal is whether the learned trial court was in error in the conclusion that plaintiff was guilty of contributory negligence. In disposing of it we assume, as did the trial court, that the question of the negligence of defendant was one of fact for the jury, and, for the purposes of the case, that the verdict thereon is sustained by the evidence. Whether it is so sustained in fact has not been considered by the trial court, and we pass it here without comment. McGinley v. Chicago, M. & St. P. R. Co. supra, page 48, 187 N. W. 829. Upon the question of con-

tributory negligence we are unable to concur in the view taken by the trial court. A careful reading of the record discloses evidence sufficient, in our opinion, in connection with the facts and circumstances presented to make the issue one of fact. In reaching that conclusion we follow the usual rule applicable to such questions and resolve all fair doubts in favor of the verdict.

Plaintiff alighted from the street car and with other passengers proceeded directly to the adjacent sidewalk, intending to go thence to the intersecting car line street. She was not familiar with the particular locality and followed the other persons, having apparently the same objective; some preceded and some followed her. She could have seen the particular defect had she been on the alert for dangers of the kind. But the rule of ordinary care does not impose upon the pedestrian in the use of the public streets a constant vigilance to discover and guard against defects therein; he may assume that they are in safe condition for use, and direct his attention in part at least to guarding against other dangers naturally to be anticipated—from the automobile, the motorcycle and other vehicles and agencies often recklessly operated thereon, and does not expose himself to the charge of negligence in doing so. Even previous knowledge of a particular defect is not conclusive of contributory negligence. McKenzie v. City of Northfield, 30 Minn. 456, 16 N. W. 264; Maloy v. City of St. Paul, 54 Minn. 398, 56 N. N. 94; Murphy v. City of South St. Paul, 101 Minn. 341, 112 N. W. 259; Maki v. City of Cloquet, 116 Minn. 17, 133 N. W. 80. So that if plaintiff was entitled to protection from this defect in the curb (Bolstad v. Armour & Co. 124 Minn. 155, 144 N. W. 462), a question for reasons stated we do not consider, she should not be held guilty of contributory negligence as a matter of law. Thoorsell v. City of Virginia, 138 Minn. 55, 163 N. W. 976; Estabrook v. City of Duluth, 142 Minn. 318, 172 N. W. 123.

Order reversed.