## JENNIE McGANDY v. CITY OF MARSHALL.[1]

October 18, 1929.

No. 27,473.

*J. V. Williams,* for appellant.
*Hall & Catlin,* for respondent.

OLSEN, C.

Plaintiff was injured by a fall upon a sidewalk in the city of Marshall and brings this action to recover damages on the ground of the alleged negligence of the city in failing to keep the sidewalk in a reasonably safe condition of repair. Plaintiff recovered a verdict, and defendant appeals from an order denying its alternative

[1]Reported in 227 N. W. 177.

motion for judgment notwithstanding the verdict or, if that be denied, then for a new trial.

The appeal presents two questions for review: (1) whether the defect in the walk which caused the accident was of such a character as to justify the jury in finding the city negligent for failure to repair the same; (2) whether the plaintiff was guilty of contributory negligence as a matter of law on the evidence in this record.

■ On the first question it is appellant's claim that the defect in the sidewalk was so slight and of such a nature that injury therefrom could not reasonably be anticipated, and that it was not actionable negligence for the city to allow same to remain without repair.

The sidewalk in question was in part constructed of ordinary square cement blocks. There was a depression in the walk, involving four or more of these blocks, some four or five inches deep. At the edge of the depression, the edge or side of one of these blocks was raised or tilted upward so that it projected, as the jury might find, about an inch and three-quarters or two inches above the level of the adjoining block or walk. Plaintiff stumbled over this projection, fell into the depression and was injured. The sidewalk in question was on the main street of the city and in the business section.

It is the duty of the city to keep and maintain its sidewalks in reasonably safe condition of repair and free from such defects as it should reasonably anticipate would likely result in injury to persons using the walk, and of which the city has notice or, in the exercise of ordinary care in looking after its sidewalks, should have taken notice. It is not liable for failure to repair slight defects which it could not reasonably anticipate would result in injury to users of the sidewalk. Under our decisions we conclude that the defect here complained of was such that the jury might find that the city should reasonably have anticipated that users of this sidewalk would be likely to suffer injury therefrom, and that it was negligent in failing to repair same. Bieber v. City of St. Paul, 87 Minn. 35, 91 N. W. 20; Leystrom v. City of Ada, 110 Minn. 340, 125 N. W.

507; Fortmeyer v. National Biscuit Co. 116 Minn. 158, 133 N. W. 461, 37 L.R.A. (N.S.) 569; Estabrook v. City of Duluth, 142 Minn. 318, 320, 172 N. W. 123, 124. As stated in the decision last above cited, "whether a defect is of a character which the city ought to anticipate as likely to cause injury, is usually a question for the jury."

There was evidence from which the jury might find that the defect had existed for such a length of time as to charge the city, with notice, and want of notice is not seriously urged.

The fact that the accident happened in the daytime, on a bright day, and that there were no distracting circumstances, does not go to the question of the character of the defect and is important only on the question of contributory negligence.

■ On the question of contributory negligence the evidence shows that this plaintiff was a woman about 70 years of age. She was active and had fairly good eyesight. The accident happened while she was walking to church at about ten o'clock on a Sunday morning. It was a bright day and the sun was shining. There were no other persons on the walk near her, and there was nothing to distract her attention. She testified that she had passed over this walk occasionally, the last time within a week before; that she had heard the walk was not in good condition; that she had paid no particular attention to the walk; that at the time of the accident she did not think about what she had heard; that she was looking ahead and not paying attention to the walk at the time; that she did not see and had not at any prior time seen or observed this particular defect, and did not remember what condition the walk had been in before that.

It was the duty of the plaintiff to exercise ordinary or reasonable care for her own safety under the circumstances and in the situation there presented. Where there is no statute or rule of law defining more fully the degree of care required in a given case, it is ordinarily a question for the jury to determine whether a person injured exercised ordinary care under the circumstances shown. Another relevant rule is that a person walking on a sidewalk, who does not see or know of any defect therein, may, within reasonable limits, assume that the city has exercised proper care to maintain

the walk in safe and proper condition. No exact statement as to how far this rule excuses inattention by the pedestrian has been or can very well be made. If the pedestrian sees the defect in the walk and nevertheless proceeds into known danger, he is negligent. Or if the jury find from the evidence that he should, in the exercise of ordinary care under the circumstances, have seen the defect and danger, then also he is negligent. But the fact that plaintiff failed to look or watch the sidewalk is not alone negligence as a matter of law. The case is not one where a pedestrian attempts to cross a railroad track or trunk highway where there are swiftly moving vehicles likely to come at any time.

The following cases sustain the holding that plaintiff's contributory negligence was a question of fact for the jury. Maloy v. City of St. Paul, 54 Minn. 398, 56 N. W. 94; Riley v. Minneapolis St. Ry. Co. 80 Minn. 424, 83 N. W. 376; Maki v. City of Cloquet, 116 Minn. 17, 133 N. W. 80; Murphy v. City of South St. Paul, 101 Minn. 341, 112 N. W. 259; Thoorsell v. City of Virginia, 138 Minn. 55, 163 N. W. 976; Bowen v. City of St. Paul, 152 Minn. 123, 188 N. W. 544; Williams v. John A. Stees Co. Inc. 172 Minn. 35, 214 N. W. 671.

In the case of Wright v. City of St. Cloud, 54 Minn. 94, 55 N. W. 819, 820, plaintiff looked and saw the exact condition of the walk and realized the danger, and was held negligent as a matter of law. The court however recognizes the general rule that the mere fact that a person attempts to travel a highway after notice that it is out of repair is not necessarily negligence; that this depends on circumstances and, as one of the circumstances making the question one for the jury, states [54 Minn. 98]: "that, although aware that the road or walk was out of repair, he had no knowledge of the existence of the particular defect which caused the injury."

The order appealed from is affirmed.