## AGNES L. McDONOUGH v. CITY OF ST. PAUL AND ANOTHER.[1]

March 21, 1930.

No. 27,749.

[1]Reported in 230 N. W. 89.

554

───────

*Eugene M. O'Neill* and *Lewis L. Anderson,* for appellant.

*Samuel A. Anderson,* for plaintiff-respondent.

*Kerr, Nelson, Burns & Mohan,* for respondent Holly Realty Company.

TAYLOR, C.

On February 7, 1928, plaintiff slipped and fell on a sidewalk covered with ice and snow in the city of St. Paul, breaking her leg at the hip. She sued the city and the Holly Realty Company. The court dismissed the action as against the Holly Realty Company. The jury returned a verdict against the city. The case comes here on an appeal by the city from an order denying a new trial.

For convenience West Fourth street in the city of St. Paul will be referred to as running east and west. Double street car tracks extend from the business part of the city west on this street to the foot of the bluff and then pass through a tunnel to the higher land beyond. The Hathaway apartments owned by the Holly Realty Company are located on the south side of the street at the base of the bluff. An iron fence on both sides of the street car tracks extends from the entrance to the tunnel to a point east of the Hathaway apartments. The sidewalk on the south side of the street passes along the south fence. Immediately at the end of the fence a private driveway had been constructed across the sidewalk. The

snow had not been removed from the sidewalk at any time during the winter and had become hard, icy and irregular in the path trodden by pedestrians. Vehicles passing over the driveway had cut ruts across the sidewalk at that point nearly a foot deep. The only route for those going from the Hathaway apartments on foot was over a walk leading to the sidewalk and then over the sidewalk.

Plaintiff resided in the Hathaway apartments and worked in an office in the business part of the city. On the morning of February 7 she started for the office and while attempting to cross the ruts at the driveway slipped and fell sustaining the injuries for which she seeks to recover.

The city contends that plaintiff in attempting to pass over this sidewalk with full knowledge of its condition was guilty of contributory negligence as a matter of law, and in support of this contention cites Wright v. City of St. Cloud, 54 Minn. 94, 55 N. W. 819; Friday v. City of Moorhead, 84 Minn. 273, 87 N. W. 780; and Piscor v. Village of Hibbing, 169 Minn. 478, 211 N. W. 952. In those cases the plaintiff not only had full knowledge of the dangerous condition of the walk but had another safe way which she could have taken without appreciable inconvenience. Here there was no safe way which plaintiff could take. The only route was over this sidewalk. The city claims that she could have gone into the street where the snow had been cleared from the street car tracks; but on account of the fence she could not go into the street until she had crossed the first rut and then only by going down an icy slope which was perhaps more dangerous than crossing the other rut. The fact that no safe way was open to her takes this case out of the doctrine of the cases above cited and brings it within the doctrine of Taylor v. City of Mankato, 81 Minn. 276, 83 N. W. 1084; and Hufman v. City of Crookston, 113 Minn. 232, 129 N. W. 219. The facts will not permit us to say that plaintiff was guilty of contributory negligence as a matter of law. The question was for the jury.

The city concedes that the evidence is sufficient to sustain the finding of negligence against it but contends that its negligence was not the proximate cause of the accident. It bases this conten-

tion on the proposition that the city is not liable for mere slipperiness and that plaintiff slipped on a smooth icy surface between the ruts while attempting to step over the second rut. There is no merit in this contention. The accident was directly attributable to the broken, irregular and dangerous condition of the surface of the walk caused by the wheels of vehicles and the feet of pedestrians. See Nichols v. Village of Buhl, 152 Minn. 494, 189 N. W. 407; and Roberts v. Village of Buhl, 160 Minn. 398, 200 N. W. 354.

The city further contends that defendant Holly Realty Company was responsible for the dangerous condition of the sidewalk caused by the passage of vehicles over the driveway; that the city is liable only because of the acts of that company; that if the city is required to pay it is entitled to reimbursement from that company; and that the court erred in dismissing the action as against that company. To enable it to present this claim the city made the Holly Realty Company a party to the motion for a new trial and to the appeal taken to this court.

The position taken by the city is untenable for at least two reasons. (1) The dangerous condition of the sidewalk resulted solely from the fact that travel over it had created dangerous holes and ridges in the snow and ice which had accumulated thereon from natural causes. Lot owners are not liable for injuries to pedestrians resulting from such causes. 4 Dunnell, Minn. Dig. (2 ed.) § 6845; Boecher v. City of St. Paul, 149 Minn. 69, 182 N. W. 908. That the ruts at the driveway were caused mainly by delivery trucks going to and from the Hathaway apartments; and that an easement appurtenant to that property gave a right of passage to it from the driveway over an intervening lot "for the sole and exclusive purpose of deliveries by vehicles of fuel and other household supplies to the occupants" we deem unimportant. (2) The city and the Holly Realty Company were not adverse parties, and the judgment will not determine their respective rights and obligations as between themselves nor bar either from asserting any rights it may have against the other. Merrill v. St. Paul City Ry. Co. 170 Minn. 332, 212 N. W. 533.

The order is affirmed.