## JOHN G. NELSON v. GARDEN VALLEY TELEPHONE COMPANY.[1]

November 5, 1937.

No. 31,328.

[1]Reported in 275 N. W. 612.

*L. S. Miller* and *O'Brien & Sylvestre,* for appellant.

*O. E. Lewis,* for respondent.

HOLT, JUSTICE.

Defendant appeals from a money judgment entered for plaintiff.

A public highway runs on the north line of plaintiff's farm in Clearwater county. The farm buildings are in the northeast corner of the farm. Some 450 feet west of the northeast corner a roadway runs from the highway into the farmyard. Along the south line of this public highway the defendant corporation maintains poles on which its telephone wires are strung. There are two wires, the one strung about a foot above the other. There is a pole, 14 feet above the ground, about 65 feet east of plaintiff's driveway, and one, 13 feet above the ground, about 120 feet west thereof. The clearance between the driveway and the lowest of the two wires was about 12 feet. On the eighth of November, 1935, at about four

o'clock in the afternoon, as plaintiff and his son turned from the public highway into the farmyard with a load of hay, the lower wire caught plaintiff and swept him off the load. In the fall, it is claimed, the ninth spinal vertebra was fractured, resulting in serious injury. The complaint charged defendant with negligence in the construction of its wires over the driveway. Defendant denied the negligence alleged and averred that if plaintiff received an injury it was due solely to his own negligence. At the close of the testimony defendant moved for a verdict in its favor. The motion was denied and an exception saved. Defendant requested that two instructions be given the jury. They were refused and defendant excepted. The verdict rendered was for plaintiff. There was no motion for a new trial.

Error is assigned upon the refusal to give this requested instruction:

"If you find from the evidence that there was no negligence on the part of the defendant, the Garden Valley Telephone Company, in maintaining its telephone lines across the indrive at the point in question and that there was no sagging or lowering of the wires across the indrive on the eighth of November, 1935, then you must find a verdict for the defendant."

There appears no good reason for coupling the sagging of the wires with the question of negligent maintenance of the wires across the driveway. If they were on too short poles, negligence could be found regardless of sagging. The court called the jury's attention to 2 Mason Minn. St. 1927, § 7536, under which defendant had the right to string its telephone wires along the highway, but that "such lines shall be so located as in no way to interfere with the safety and convenience of ordinary travel along or over the same." Then this instruction, more appropriate than the one refused, was given:

"If you find from the evidence that the defendant * * * constructed its telephone line and maintained the same on the eighth day of November, 1935, in such manner as in no way to interfere with the safety and convenience of ordinary travel along or over

the indrive from the highway to the barnyard, then you must find a verdict for the defendant."

The court rightly refused to submit to the jury whether the hauling of the load of hay was a joint venture and to charge that if the negligence of either the father or son proximately contributed to the accident there could be no recovery. There was not a particle of evidence of the son's negligence. He drove the team. He seasonably warned the father of the wire when turning into the driveway. He ducked low enough so the wire did not touch him. There was nothing about the driving as to which the driver could be charged with negligence. Kokesh v. Price, 136 Minn. 304, 161 N. W. 715, 23 A. L. R. 643.

There being no motion for a new trial, the excessiveness of the verdict is not for consideration on this appeal. 5 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 7073. Beehler v. Fawcett Publications, Inc. 179 Minn. 297, 229 N. W. 87.

Error is assigned for the refusal to direct a verdict in favor of defendant. This is grounded on the propositions that defendant's negligence was not proved and that plaintiff's contributory negligence appears as a matter of law. There can be little room for claiming that it is not negligence for a telephone company to string its wires on poles as short as the ones here in question, so that there is only a clearance of about 12 feet over a driveway. Such driveways are often raised considerably by snowdrifts. The poles were originally 20-foot poles, but became decayed, when, instead of replacing them with 20-foot poles, defendant cut off three or four feet and reset them. We think the jury had good reason for finding defendant guilty of negligence in maintaining wires hung too low along the public highway.

Plaintiff's alleged contributory negligence is a closer question. He knew how the wires were hung. He knew or could have seen that snow or ice had raised the indrive under the wires. He was warned by his son of the approach to the same. He was kneeling on top of the load just back of the middle thereof, with his hands on the load, looking to the front. He testified that he saw the wire,

that he ducked down, but still it caught him under the chin and he was rolled off backwards. Plaintiff was 72 years old. We have held that a person walking on a sidewalk which he knows to be defective is not negligent as a matter of law because of nonobservance of the defect at the moment he stepped into it. McGandy v. City of Marshall, 178 Minn. 326, 227 N. W. 177. It seems to us that it was a question for the jury whether or not plaintiff, considering his age, his position on the load, and the surroundings of which he had knowledge, did what an ordinarily prudent person would do to escape the danger created by defendant's negligence. The case of Bonjour v. Iowa Tel. Co. 176 Iowa, 63, 73, 155 N. W. 286, 290, is almost parallel on the facts to the instant case; and, to the contention that Bonjour in that case was guilty of contributory negligence as a matter of law, the court said:

"And, even though he knew that the wires were low (which he evidently did) and that he would be required to bend his body or stoop to escape them, it would not do to say, as a matter of law, that, as an ordinarily prudent man, he might not believe, and act upon the belief, that he could make the passage in safety. Nor would the mere fact that he misjudged the clear space under the wires, or the safety of the position that he assumed to make the passage, necessarily convict him of negligence. It was for the jury to determine whether he exercised reasonable care to avoid injury."

Defendant also contends that the measurements of the bobsleds, the hayrack, the load, and the space below the wire demonstrate that it was impossible that plaintiff was swept off by defendant's wire, and suggests that his tumbling from the load was due to other causes. The cause of plaintiff's fall was clearly for the jury. In the motion for a directed verdict there was no hint that the admitted facts as to measurements demonstrated that plaintiff's fall was not due to contact with defendant's wire over the indrive.

The judgment is affirmed.