## ANNA T. CAMPION v. CITY OF ROCHESTER.[1]

February 4, 1938.

No. 31,520.

*Irving L. Eckholdt,* City Attorney, and *Christensen & Ronken,* for appellant.

*James T. Spillane,* for respondent.

[1]Reported in 277 N. W. 422.

GALLAGHER, CHIEF JUSTICE.

Appeal from an order denying defendant's motion for judgment notwithstanding the verdict or a new trial.

The action was for damages against the city of Rochester for negligently permitting the accumulation of ice so as to create a dangerous condition on one of its crosswalks. Defendant on this appeal concedes its negligence but claims that plaintiff is precluded from recovery by reason of her contributory negligence. The trial resulted in a verdict for plaintiff in the sum of $2,500.

On the morning of March 14, 1936, plaintiff was walking to her home after attending religious services. Admittedly the streets and sidewalks in Rochester, and particularly in the immediate vicinity of the accident, were in an icy and slippery condition, making it necessary, as plaintiff claims, for her to walk in the street. This she was doing as she approached the intersection of Fifth street with Fifth avenue. The evidence discloses that at this point both Fifth street and Fifth avenue were cut up with ruts, making travel at the crosswalks both difficult and dangerous. One witness for plaintiff described the condition as follows:

"The streets were all cut up with ruts. There would be two ruts going down on—it would be Fifth street, two wheel tracks, and two up; that would be four ruts. Going up Fifth avenue there would be ruts, and then at the crossing where the cars would turn it was all ruts; in there it was all ruts."

As plaintiff was crossing the crosswalk at the north side of Fifth street she fell and sustained a broken hip. Several witnesses testified in plaintiff's behalf and supported her claim as to the condition of the street at the place in question.

The only question raised on the appeal is whether plaintiff's contributory negligence precludes recovery as a matter of law?

It is urged that because plaintiff saw the condition of the street and appreciated its danger she was guilty of contributory negligence as a matter of law. Reliance is placed on such cases as Wright v. City of St. Cloud, 54 Minn. 94, 55 N. W. 819; McGandy v. City of Marshall, 178 Minn. 326, 227 N. W. 177; Friday v. City of Moor-

head, 84 Minn. 273, 87 N. W. 780; Anderson v. City of St. Cloud, 79 Minn. 88, 81 N. W. 746; Downs v. St. Paul City Ry. Co. 75 Minn. 41, 77 N. W. 408; Piscor v. Village of Hibbing, 169 Minn. 478, 211 N. W. 952; Ryther v. City of Austin, 72 Minn. 24, 74 N. W. 1017; Johnson v. City of Willmar, 111 Minn. 58, 126 N. W. 397.

In the first of these cases, Wright v. City of St. Cloud, 54 Minn. 94, 55 N. W. 819, it was held that:

"If a person, with full and present knowledge of the defective condition of a sidewalk, and of the risks incident to its use, voluntarily attempts to travel upon it, when the defect could easily, and without appreciable inconvenience, have been avoided by going around it, he is not in the exercise of reasonable care, but must be presumed to have taken his chances, and if injury results he cannot recover from the city."

This is not the situation, however, in the instant case. The evidence fairly well established that the sidewalks on both sides of the streets upon which plaintiff was traveling were in such condition that an ordinarily prudent person would not have used them. There was some testimony on the part of plaintiff and her witnesses to the effect that other streets between plaintiff's home and the church were substantially in the same condition. No effort was made by defendant to establish that a safer route could have been taken by plaintiff on the morning in question. She was not charged with the burden of establishing the impracticability or impossibility of using other streets. In connection with its defense of contributory negligence it would have been proper for defendant to show that other and safer routes would have been available to plaintiff, at little inconvenience to her, but no effort was made by the defendant to establish such fact, if it were a fact. The burden of proving the availability of a safer route of travel was on the defendant.

This court has frequently held that the mere fact that a person attempts to travel a highway after notice that it is out of repair is not necessarily negligence; that depends on circumstances. Erd v. City of St. Paul, 22 Minn. 443; Kelly v. Southern Minnesota Ry. Co. 28 Minn. 98, 9 N. W. 588; Lyons v. City of Red Wing, 76 Minn.

20, 78 N. W. 868; Taylor v. City of Mankato, 81 Minn. 276, 83 N. W. 1084; Murphy v. City of South St. Paul, 101 Minn. 341, 112 N. W. 259; Maki v. City of Cloquet, 116 Minn. 17, 133 N. W. 80; Bowen v. City of St. Paul, 152 Minn. 123, 188 N. W. 554; Fitch v. City of Blue Earth, 180 Minn. 125, 230 N. W. 469.

An examination of the cases relied upon by appellant shows that in each instance the injured person not only had knowledge of the defective condition in the street or sidewalk but also could have easily avoided the hazardous place by leaving the path of his journey or taking some other route. Here there was no such showing as to impel a determination that plaintiff did what a reasonably prudent person would not have done under similar circumstances.

The rule is that it is only in the clearest of cases when the facts are undisputed and it is plain that all reasonable men can draw but one conclusion that the question of contributory negligence becomes one of law. Eichhorn v. Lundin, 172 Minn. 591, 216 N. W. 537.

The learned trial court was correct in determining that the issue of contributory negligence was for the jury.

The order appealed from is affirmed.