ESTHER BIEBER v. CITY OF ST. PAUL.[1]

June 27, 1902.

Nos. 13,066—(74).

Defective Sidewalk.

Where personal injury occurs through an alleged defect in a sidewalk, which it is the duty of a municipality to maintain in a reasonably safe

[1] Reported in 91 N. W. 20.

condition, such duty must be commensurate with the risks and dangers incurred by those who have a right to use the walk.

## Evidence.

Evidence considered, and *held* that a depression of an inch and a quarter in a hexagonal cement block in a city sidewalk, in view of the extent and peculiar incidents of its necessary use at the place of an accident, might constitute such a defect as to render the municipality liable for damages for failure to remedy the same.

Appeal by defendant from an order of the district court for Ramsey county, Brill, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*James E. Markham, Franklin H. Griggs* and *Thomas McDermott,* for appellant.

*Samuel A. Anderson,* for respondent.

LOVELY, J.

Action to recover for injuries sustained from a fall upon an alleged defective sidewalk in the city of St. Paul. At the close of the evidence defendant requested an instructed verdict in its favor, which was refused. After verdict for plaintiff, defendant moved for judgment, or for a new trial in the alternative, which was denied. This appeal is from an order refusing a new trial.

The undisputed facts may be stated as follows: Near the hour of eleven o'clock on the morning of May 26, 1900, plaintiff was walking upon the sidewalk on the west side of Wabasha, between Seventh and Ninth streets, which was at that place very extensively used by pedestrians. As plaintiff approached the entrance to a provision store she observed a fish in the window, which she desired to purchase. She turned to enter, and attempted to go in. To do so it was necessary to pass over an elevated stone step raised somewhat above the sidewalk to the level of the store. The walk along the entire front of the store was constructed of hexagonal cement blocks. Some of these, through the operation of the frost, had become depressed, and were sunken below their original level, particularly one at the entrance of the building, which was six inches from the step. It had fallen below the general surface of the walk at its outer side an inch and a quarter, while at the inner

side to a less extent. The evidence shows that in going into the store plaintiff placed her right foot upon the step, and in transferring her weight thereto inadvertently put her left foot on the imperfect and depressed portion of the walk at the same instant, when it tripped and turned. She slipped by this mischance, and fell upon the sidewalk, receiving serious injuries to her ankle, with consequent illness and .pain, for which she had a verdict. It was conceded upon the argument that the evidence tended to show that this imperfect condition of the walk had continued for a sufficient length of time to establish notice thereof to the city, and, if there was a defect which the municipality, in the exercise of its duty to maintain reasonably safe and suitable sidewalks for use, should have repaired, the order appealed from must be affirmed.

In this state, where a municipality having charge of the repairs of its walks permits a sidewalk designed for the use of pedestrians to continue and be thus used, it is its duty to exercise reasonable care to maintain it in a suitable state for use, and is liable to persons injured from defects therein, where the city has actual or constructive notice thereof. Furnell v. City of St. Paul, 20 Minn. 101 (117); Graham v. City of Albert Lea, 48 Minn. 201, 50 N. W. 1108. Defendant insists, however, that as a matter of law the depression of the hexagonal block where the accident occurred of only an inch and a quarter below the surface of the walk was not such a defect as required attention and repair by the city, and hence that it was not wanting in ordinary care for its failure in that respect.

Obviously, the degree of care to be exercised by a municipality in maintaining suitable walks for pedestrians on its public thoroughfares is to be tested by the rule applicable in other cases where the obligation is imposed to provide structural conditions for the benefit of those required or privileged to use the same. The degree of duty in such cases is to be measured by the liability of accident, and should be commensurate with the risks and dangers incurred. While we might not hold that a depression of a stone in a walk of only an inch and a quarter below its ordinary level at all places would require attention and repair by the city, or that the municipality would be liable in damages for permitting such a depression

to continue after notice, where the probability of accident would not be apparent to those having charge of the duty to remedy the imperfection,—as in places where such walk is not extensively used by travelers,—yet it is reasonably conceivable that such a defect might in certain instances be the proximate cause of injury. The depression of the hexagonal block occasioning this accident was upon a sidewalk very extensively traveled. It was below a raised step at the entrance of a store, over which patrons of both sexes were accustomed to pass. In doing so a person would naturally turn from the stream of travel outside, and be likely, in entering, to place one foot upon the defective part of the walk while transferring the other to the step above, which was the course pursued by plaintiff. Hence the accident which happened to her does not seem to us to be so improbable in the ordinary course of utilizing the walk by the public as to justify the city in entirely disregarding the sunken block which caused the injury to plaintiff. In other words, the characteristic use of the walk at this place indicated an unusual danger from the defect, and upon the ordinary relation of cause and effect might reasonably have been anticipated by the city and should have been remedied.

Cases have been cited from other states which hold that structural protrusions above the surface of the walk, or the depression of a stone in a sidewalk to the extent of even two inches, would not be regarded as a defect of which the municipality must take notice and repair; but there are features in these cases distinguishing each from this, and we cannot adopt the conclusion that there is any inflexible rule which determines, without regard to the extent or necessary character of the reasonable use of a city sidewalk by pedestrians, that municipal responsibility to repair it is dependent upon an estimation of defects by inches or parts of inches. Each case must rest upon its own peculiar facts, and to say this plaintiff should have given particular attention to the walk at the entrance to the store to see whether it was defective in any respect would be exacting more than the ordinary class of pedestrians at such a place would bestow. Nine out of every ten of the patrons of the store would assume that at such a place the walk would be maintained in a safe condition, and intuitively rely

upon that supposition in going in. That its condition was defective would seem apparent from the consequences which occurred, and to say that the depression of the block as shown to exist was not a defect to relieve the city would result in the palpable non sequitur that where there is a probability of accident, upon which recovery must depend, and the accident occurs, the cause thereof is not in reality an actionable defect. Neither is it a reasonable inference from the rule of duty applicable in such cases that, because similar defects existed at other places, and were numerous, this one need not have been corrected; for if the extent and nature of the use made it probable that an accident would occur, similar defects elsewhere, though very frequent, would not justify the municipality in ignoring its obligations, and excuse one act of negligence by others.

In view of these considerations, and the fact that the cause was very impartially submitted to the jury in the instructions given by the learned trial court upon the proper rules of duty and care, we hold that its order refusing a new trial should be affirmed.

LEWIS, J. (dissenting).

I dissent. The degree of care exacted from municipal authorities by this decision is altogether out of proportion to the standard dictated by ordinary prudence. If a depression to the extent of one inch and a quarter of a hexagonal cement block constitutes a dangerous sidewalk, then any depression or slight projection is dangerous. If it is negligence to permit such unevenness at the entrance to a store, it is likewise negligent to permit it in the middle of the sidewalk anywhere in the business part of the city; and, if in the business portion, why not in the residence district? Should a person be required to exercise more care in stepping from an uneven block to his private sidewalk than when stepping from the walk into a store downtown? One may count such depressions, projections, and inequalities by the hundred all along the business as well as the residence streets in this and other cities. Common prudence never has required any such limit as is set down by the decision in this case. The time may come when the people will require that degree of perfection in respect to streets and

walks which is adopted in public parks or in the private grounds of the wealthy, but, according to the standard now prevailing, by common consent the wayfarer should assume the responsibility and risk of danger to be encountered in walking into the yawning gulf of destruction presented by a cement block in the sidewalk depressed on one side to the extent of an inch and a quarter. Those who care to know what the courts have said on the subject may read with profit: Raymond v. City, 6 Cush. 524; Jackson v. City, 121 Mich. 279, 80 N. W. 8; Morris v. City, 195 Pa. St. 372, 45 Atl. 1068; Haggerty v. City, 95 Me. 374, 50 Atl. 55; Weisse v. City, 105 Mich. 482, 63 N. W. 423; Beltz v. City, 148 N. Y. 67, 42 N. E. 401; Morgan v. City, 91 Me. 566, 40 Atl. 545; Tubesing v. City, 51 App. Div. (N. Y.) 14, 64 N. Y. Supp. 399; and Getzoff v. City, 51 App. Div. (N. Y.) 450, 64 N. Y. Supp. 636.