STELLA SUMNER v. CITY OF NORTHFIELD.[1]

October 27, 1905.

Nos. 14,540—(58).

**Care of Sidewalk.**

Municipalities are bound to exercise only reasonable care in the inspection and maintenance of sidewalks and crossings; but such care involves due regard, not only to the size and depth of a depression therein complained of, but also to its form, as affecting the peril to which it exposes persons lawfully using the highway.

**Question for Jury.**

It is for the jury to determine whether or not it was negligent for a city to maintain a crossing at a principal street with full notice of a small V-shaped hole broken through the planks, in which plaintiff's foot was caught, to her damage.

Action in the district court for Rice county to recover $3,000 for personal injuries resulting from a fall caused by a defective street crossing. The case was tried before Buckham, J., and a jury, which rendered a verdict in favor of plaintiff for $3,250. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Joseph Donaldson and Robert Mee*, for appellant.

*A. B. Childress and F. M. Wilson*, for respondent.

JAGGARD, J.

Plaintiff and respondent brought an action against the defendant and appellant for personal injuries caused by an alleged defective sidewalk. The jury returned a verdict of $3,250. From an order denying motion for new trial the defendant appeals. The motion for new trial was based on the grounds that the verdict was not justified by the evidence and was contrary to law and that there was newly discovered evidence.

Inasmuch as there was no claim of error in law occurring at the trial, or of any irregularity in proceedings (G. S. 1894, § 5398), the assignment of error based upon the admission in evidence by the trial court of certain photographs, notwithstanding defendant's objection, presents

[1] Reported in 104 N. W. 686.

no question for decision by this court. We are of opinion, however,. that, apart from this question of practice, the photographs were prop-- erly received in evidence. The affidavits setting forth alleged newly discovered evidence did not entitle the defendant to a new trial, because they contained no matter not essentially cumulative or corroborative in. character and failed to show the exercise of the necessary diligence. 4 Current Law, 819, 820. The record does not present any serious ques- tion as to notice to the city of the defective condition of the sidewalk, because of which the plaintiff was injured. A street commissioner of the defendant, charged with the duty of repairing the sidewalk, and who, subsequent to the accident, in fact repaired the defect here under· consideration, testified:

> I have seen the hole lots of times, and went over it. That is· the sap rot. There was no hole there that would call my atten- tion to fix it. It wasn't dangerous. * * * Q. So you passed over there? How long before that [the accident] had you pas- sed over it? Had you passed over it a week or a month before?' A. About a week or less.

There was also evidence from which constructive notice could be· inferred.

The real question presented by this record is whether the defect was· of so serious a character as to present a matter for the jury, or was so· slight that the court should have said as a matter of law that no negli- gence on the part of the city could be predicated upon it. There was· testimony to the effect that the defect consisted of a V-shaped hole extending entirely through the plank, and that "at the wide end there was an inch or two of space below." The plaintiff testified that the hole· was so deep that her foot went in, and that she had to work it out. Another witness said: The heel of a No. 10 shoe would just go into the· north end of the hole, which run out, not exactly a V-shaped, but kind of rounded up a little bit, and was about six inches long, entirely through the plank. The depth of it run out twelve or fourteen inches,. decayed down about an inch, or half way through the plank, so that it made a straight V-shaped place 2⅞ inches wide at the north end, and ran out twelve or fourteen inches straight, that was half way through..

Then the bottom half started the same width and came in about six inches, and it was decayed clear through the plank.

The accident occurred at a street crossing made up of three planks. The depression complained of was between the middle plank and one of the outside planks. Beyond the crossing the sidewalk was of cement. The crossing was laid on one of the principal streets of a city of some thirty-four hundred inhabitants, one block from the main street, and in the vicinity of churches and of constantly frequented places of business.

We are not inclined to hold municipalities to the exercise of more than reasonable care in the maintenance of sidewalks and crossings, nor to impose upon them the duty of making anything like a microscopic inspection. The care and inspection in that connection must, however, have regard to all circumstances which affect the peril to which it exposes persons lawfully using the highway. Neither the dimensions of the hole nor the depth of the depression are necessarily the exclusive tests of danger. A small V-shaped hole may contain many of the elements of hazard to which a railway frog exposes. It could easily become covered by leaves and the like, so as to more readily escape observation. It could, indeed, become more perilous than a much larger and more conspicuous depression.

This case comes before us after a jury has found for the plaintiff, and the trial court, upon a full consideration, as is evidenced by his careful memorandum, has refused to set that verdict aside. No considerations have been called to our attention which would justify us, under these circumstances, in setting the verdict aside.

Order affirmed.