## AGNES LEYSTROM v. CITY OF ADA.[1]

March 18, 1910.

Nos. 16,391—(62).

**Discharge of Jurors — Discretion of Court.**

The trial judge in the district court is vested with a general discretion

[1] Reported in 125 N. W. 507.

in the calling and management of jurors, and may, after summoning tales-men, excuse them from service, if, before being impaneled in a particular action, the jurors upon the regular panel become available.

**Reversible Error — Incorrect Ruling — Witness.**

Where the court incorrectly rules a witness to be subject to cross-exami-nation as an adverse party, within the provisions of section 4662, R. L. 1905, it is still necessary, in order to predicate reversible error upon such ruling, to show that one has been prejudiced in some way in the subsequent events of the trial based upon the ruling as to the status of the witness.

**Verdict Sustained by Evidence.**

Evidence considered, and *held* to justify the verdict.

Action in the district court for Norman county to recover $2,000 for personal injuries. The answer was a general denial. The case was tried before Grindeland, J., and a jury which returned a verdict in favor of plaintiff in the sum of $280. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*F. H. Peterson* and *J. M. Hetland,* for appellant.

*W. E. Rowe* and *Peter Matson,* for respondent.

O'BRIEN, J.

The plaintiff fell and was injured while walking on a sidewalk upon a public street in the city of Ada by having the heel of her shoe caught in a small opening in the walk. The defect in the sidewalk complained of was where a cement and wooden walk joined. At this point a 2x6 or 2x4 scantling set on edge had been wedged in between the cement and the planks, a hole 1¾ inches in width and 5 inches long had been worn in the scantling and was of just sufficient size to admit the heel of plaintiff's shoe. The sidewalk was at least fairly well lighted, and the plaintiff appears to have been walking upon it in an ordinary manner and without any knowledge of this particular defect. When the case was called for trial in the district court, the jury to which a previous case had been submitted was engaged in deliberating upon its verdict, and a sufficient number of jurors to try this action could not be secured from the regular panel. Tales-

men were summoned, and examined as to their qualifications by counsel for defendant, who interposed no challenge for cause. At this point the jury engaged upon the other case returned into court, and upon motion of plaintiff's counsel the talesmen summoned as jurors in this case were excused, and the parties required to select a jury from the regular panel. Upon the trial the street commissioner and one of the aldermen of the defendant city were called as witnesses upon behalf of the plaintiff, and her counsel was by the court permitted to cross-examine them, under the statute permitting such examination of an adverse party, or an officer or agent of such adverse party.

Upon this appeal the defendant contends: (1) That the dismissal of the talesmen and the substitution of the regular jurors on the panel was error. (2) That it was error to permit the cross-examination of a public officer in the manner described. (3) That the evidence was insufficient to justify a verdict, because (a) there was no evidence of negligence upon the part of the defendant; (b) the plaintiff was guilty of contributory negligence.

1. The record does not show that the defendant was in any manner prejudiced by the order of the court with reference to the jurors. Neither party had an absolute right to a trial by any particular jury or juror. The management of the jury and the summoning of talesmen rest very largely in the discretion of the court, and, unless a party can show that he has been by the arbitrary action of the court compelled to accept as a juror one who is unfit to act as such upon the trial of the case, no abuse of discretion is shown. In this case none of the jurors excused had been actually sworn. A regular panel had been summoned for the determination of the cases for trial at that term, and it was discretionary with the court whether it would dismiss the talesmen who had not been sworn to try this particular case when the regular jurors became available, or to permit the talesmen so called to act as jurors. Watson v. Walker, 33 N. H. 131; State v. Brown, 12 Minn. 448 (538).

2. Counsel for plaintiff requested permission to examine as an adverse party John Olson, the street commissioner of the defendant city. This was objected to, and after a preliminary examination as

to his duties as such commissioner the court ruled that such cross-examination would be permitted. The same course was taken with Mr. Volland, an alderman of the city. Without determining at this time whether, when a municipality is a party, its public officer comes within the provisions of the statute (section 4662, R. L. 1905), we find no prejudicial error in the ruling made by the court in this case. Indeed, no preliminary ruling was necessary, and plaintiff had a right to call the witness, without regard to the statute.

The effect of the statute is: First, to permit a class of questions to a witness which are ordinarily not allowed to be put to one's own witness. This adds very little to the well-established rule that leading questions may, in the discretion of the court, be propounded to an adverse or unwilling witness. Second, and here is the chief benefit of the statute, the party calling the witness is not bound by his testimony, but may impeach or contradict the evidence. No reversible error can be predicated, therefore, upon a mistaken ruling that a witness is, under the statute, subject to cross-examination, unless the party calling him seeks to avoid the testimony so elicited, or has been allowed to propound questions in a form which would constitute prejudicial error in the examination of a witness who confessedly was not an adverse party within the statute.

It is proper practice, when calling a witness as an adverse party, to so announce, and, if the court sees fit to then rule that the witness will be so considered, it is not necessary, perhaps, for the preservation of one's rights, to repeat the objection whenever a leading question is asked. But it is necessary to show that some prejudice resulted from the ruling. No showing of any such prejudicial error has been made here. Bernick v. McClure, 107 Minn. 9, 119 N. W. 247; Smith & Nixon Piano Co. v. Lydick, 110 Minn. 82, 124 N. W. 637.

3. It is not disputed that the defect in the sidewalk caused the fall and injury to the plaintiff. It is impossible for this court to prescribe exact limitations from which, in all cases, it may be determined what character of defect in a public street constitutes negligence on the part of the municipality. Given a defect and consequent injury, the question of negligence must generally be submitted to the good sense of the jury, with proper instructions; and experience has shown

that the ordinary jury is as alert to protect municipalities from unjust claims as it is to render verdicts in favor of claimants. The question of plaintiff's contributory negligence was also one for the jury.

It is argued that the defect complained of was so slight that negligence cannot be predicated upon it; but it is apparent, the smaller the aperture in the walk, the less likely would it be to attract the pedestrian's attention, and therefore the slight defect possesses elements of danger which would not be found in a larger and more noticeable one. It must be conceded the sidewalk in this case was sufficiently defective to cause plaintiff's fall. The defect arose from the continued use of the timber, and its character, therefore, was such that notice to the municipality of its existence must be presumed. The question of negligence, both upon the part of the municipality and the plaintiff, was properly submitted to the jury. Sumner v. City of Northfield, 96 Minn. 107, 104 N. W. 686; Bieber v. City of St. Paul, 87 Minn. 35, 91 N. W. 20.

Judgment affirmed.