## DONNA ESTABROOK v. CITY OF DULUTH.[1]

### May 2, 1919.

### No. 21,214.

**Negligence of city — defect in street — question for jury.**

    1. Whether the defect in a pavement that served as a crosswalk was of a character which the city ought to have anticipated as likely to cause injury to pedestrians, was a question for the jury.

[1] Reported in 172 N. W. 123.

**Same — duration of defect — notice to city.**

    2. As the defect resulted from the gradual decay and wearing away of the wood, it must have continued for a sufficient length of time to charge the city with notice of it.

Action in the district court for St. Louis county to recover $8,520 for injuries received in slipping into a hole in a paving block. The answer was a general denial. The case was tried before Dancer, J., who denied defendant's motions for a directed verdict, and a jury which returned a verdict for $400. Defendant's motion for judgment notwithstanding the verdict, on the ground that the verdict was not sustained by the evidence and that the court erred in denying defendant's motion for a directed verdict at the close of the testimony, was granted. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*W. H. Gurnee,* for appellant.

*John E. Samuelson, J. J. Robinson* and *M. T. O'Donnell,* for respondent.

TAYLOR, C.

Plaintiff recovered a verdict for injuries sustained in a fall caused by stepping in a hole or depression in the paving at the intersection of First street with Lake avenue in the city of Duluth. Thereafter the court directed judgment for defendant notwithstanding the verdict, and plaintiff appealed from the judgment entered pursuant to such direction.

First street and Lake avenue intersect in a busy part of the city and both are much traveled by pedestrians. The intersection is paved with creosote blocks, and this pavement serves as a crosswalk for people passing from one side to the other of Lake avenue. In the top of one of these creosote blocks there was a hard knot, around which the wood had rotted and worn away, leaving a hole at one side of the knot varying in depth from half an inch to an inch and a half. Plaintiff while proceeding across Lake avenue along First street stepped into this hole and fell, breaking her leg at the hip joint.

Defendant contends that this defect was so slight and of such nature

that allowing it to remain in the crossing did not constitute actionable negligence on the part of the city, and in support of this contention cites cases from other jurisdictions holding that the duty of a city to keep its streets reasonably safe for public travel does not require it to keep sidewalks and crossings free from such minor defects as unevenness and shallow holes or depressions. Johnson v. City of Ames, 181 Iowa, 65, 162 N. W. 858; Terry v. Village of Perry, 199 N. Y. 79, 92 N. E. 91, 35 L.R.A.(N.S.) 666, 20 Ann. Cas. 796; Van Der Blomen v. City of Milwaukee, 166 Wis. 168, 164 N. W. 844; Jackson v. City of Lansing, 121 Mich. 279, 80 N. W. 8; City of Lexington v. Cooper, 148 Ky. 17, 145 S. W. 1127, 43 L.R.A.(N.S.) 1158; City of Meridian v. Crook, 109 Miss. 700, 69 South. 182, L.R.A. 1916A, 482.

It was the duty of the city to exercise ordinary care to keep its streets free from defects likely to cause injury to travelers. Whether a defect is of a character which the city ought to anticipate as likely to cause injury, is usually a question for the jury.

In Sumner v. City of Northfield, 96 Minn. 107, 104 N. W. 686, the defect was a V-shaped hole in a plank crosswalk extending through the plank and 2⅞ inches in width at the wide end. A verdict for the plaintiff was sustained.

In Leystrom v. City of Ada, 110 Minn. 340, 125 N. W. 507, the plaintiff caught the heel of her shoe in a hole 1¾ inches wide and 5 inches long at the place where a cement walk joined a wooden walk. In holding that the question of negligence was properly submitted to the jury, the court observed: "It is impossible for this court to prescribe exact limitations from which, in all cases, it may be determined what character of defect in a public street constitutes negligence on the part of the municipality. Given a defect and consequent injury, the question of negligence must generally be submitted to the good sense of the jury, with proper instructions; and experience has shown that the ordinary jury is as alert to protect municipalities from unjust claims as it is to render verdicts in favor of claimants. * * * It is argued that the defect complained of is so slight that negligence cannot be predicated upon it; but it is apparent the smaller the aperture in the walk, the less likely would it be to attract the pedestrian's attention, and therefore the slight defect possesses elements of danger which would not be found in a larger

and more noticeable one. It must be conceded the sidewalk in this case was sufficiently defective to cause plaintiff's fall."

In Bieber v. City of St. Paul, 87 Minn. 35, 91 N. W. 20, the sidewalk was constructed of cement blocks. At the entrance to a store there was a stone step. One edge of a cement block immediately in front of this step was depressed 1¼ inches, in consequence of which plaintiff fell while attempting to enter the store. The question of negligence on the part of the city was held to be for the jury.

In Fortmeyer v. National Biscuit Co. 116 Minn. 158, 133 N. W. 461, 37 L.R.A.(N.S.) 569, a complaint alleging that the hinge of a cover over an areaway projected an inch above the surface of the sidewalk and that the plaintiff was injured by stumbling over it, was held to state a cause of action against the city.

In the instant case the defect was in a crosswalk over a much traveled street, where pedestrians must keep a constant watch for approaching vehicles, and was not of a character to readily attract attention, and the court is of opinion that the case is within the doctrine of the above cases and that the question of negligence was for the jury.

Defendant also contends that the city had no notice of the defect. The record contains no evidence of actual notice, but the defect was caused by the gradual decay and wearing away of the wood and in the nature of things this process must have continued for such a length of time that the city is chargeable with notice of it. 2 Dunnell, Minn. Dig. § 6823.

Judgment reversed and verdict reinstated.