## GLADYS KLAYSMAT v. VILLAGE OF HIBBING.
## AUGUST KLAYSMAT v. VILLAGE OF HIBBING.[1]

November 4, 1927.

Nos 26,280, 26,281.

**Submission of question of defendant's negligence to jury was proper.**
1.   Sumner v. City of Northfield, 96 Minn. 107, and Leystrom v. City of Ada, 110 Minn. 340, followed, to the effect that the cases were properly submitted to the jury and that the evidence sustains the verdicts which are not excessive in either case.

**Amendment of complaint at trial sustained.**
2.   There was no abuse of discretion in allowing an amendment of the complaint at the time of the trial.

Municipal Corporations, 43 C. J. p. 1014 n. 21; p. 1049 n. 5; p. 1234 n. 28; p. 1282 n. 88.

Two actions in the district court for St. Louis county in which defendant appealed from orders, Freeman, J., denying its alternative motion for judgment or a new trial.   Affirmed.

*C. G. Anderson,* for appellant in each case.

*Power, Hario & Mulvahill,* for respondent in each case.

QUINN, J.

Two actions to recover damages arising from alleged defect in defendant's sidewalk.   The plaintiffs are husband and wife.   The actions were tried together and verdicts returned against defendant in each case.   From orders denying its alternative motion for judgment or for a new trial, defendant appealed.

[1]   The wife seeks to recover for personal injuries alleged to have been occasioned by a fall on a defective sidewalk immediately in front of the John Nehiba residence.   The husband seeks to recover for money expended in caring for his wife and for the loss of her society.   A reading of the record satisfies us that there was suffi-

[1]Reported in 215 N. W. 851.

cient evidence in the wife's case to sustain the findings that there was a defect in the walk; that it had existed for over a year; that without fault on her part she caught her foot in such defective walk, fell and sustained injury as alleged in her complaint.

On the night in question the wife stopped her car at the curb in front of the Nehiba residence and called on Mrs. Nehiba, with her children, remaining until about ten o'clock, when her husband came and they started home. Mrs. Klaysmat, taking a child in her arms, walked out to the sidewalk, then across the walk toward her car. As she neared the outer side of the walk, she stepped into a hole in the walk, fell and sustained the injury complained of.

It is contended on behalf of the defendant that the defect complained of was so slight that negligence could not be predicated upon it. The plaintiff and several other witnesses testified that the walk was of two-inch plank, about eight inches above the surface of the ground; that there was a V-shaped hole at the outer edge, approximately four inches wide at the outer end and 10 to 12 inches long, into which she stepped; that her foot caught in the hole and that her husband had to raise her up and assist in extracting her foot therefrom; that she had the child in her arms at the time of the fall, and that she knew nothing about the hole being there until she stepped into it.

As to whether the character of the defect and failure to repair for so long a period constituted negligence such as to render the defendant liable is a somewhat close question. However, under the holding in Sumner v. City of Northfield, 96 Minn. 107, 104 N. W. 686, and in Leystrom v. City of Ada, 110 Minn. 340, 125 N. W. 507, we think the showing warranted the submission of that question to the jury. It is undisputed that the V-shaped hole was sufficiently large so that plaintiff's foot caught and she was unable to extract it until her husband came to her rescue.

It is clear that the walk was sufficiently defective to cause the plaintiff's fall. The defect had continued for a year or more, and its character was such that notice to the defendant must be presumed. The court submitted all of the issues in a full and pains-

taking manner to the jury, and the jury found in favor of plaintiffs.

[2] There was no abuse of discretion in permitting an amendment of the complaint at the trial. The defendant did not ask for any delay in the trial on account of the amendment; neither verdict was so large as to justify this court in interfering therewith.

Affirmed.