MELVIN J. DOUGHERTY v. JOHN M. GARRICK AND OTHERS.[1]

November 13, 1931.

No. 28,561.

[1]Reported in 239 N. W. 153.

*Doherty, Rumble, Bunn & Butler* and *Edgar G. Vaughan,* for appellant.

*Mead & Bryngelson,* for respondents Garrick Brothers.

*Barrows, Stewart, Jackson & Junkin,* for respondent city of St. Paul.

OLSEN, J.

Plaintiff appeals from an order denying his motion for a new trial.

The action is one to recover damages for the death of Mary Dougherty, claimed to have been caused by the negligence of defendants.

The action was dismissed on motion of defendants at the close of plaintiff's evidence. Defendants had not rested or presented any evidence. A motion for a new trial was made and denied.

Plaintiff presents two questions for review: (1) The general question whether the court erred in dismissing the action; (2) whether the court erred in sustaining defendants' objections to evidence offered by the witness Sally Kenny, a daughter of Mary Dougherty, to show a statement made by the decedent to said witness shortly after the claimed accident.

■ The second question presented may conveniently be first considered. The plaintiff's claim is that Mary Dougherty was fatally injured by tripping and falling over an iron pipe laid upon and along the edge of the sidewalk on a public street in the city of St. Paul by defendants Garrick Brothers, who were contractors for the city in doing some paving. The particulars will be more fully stated later when the question of negligence is considered. The court excluded the evidence on the ground that it was an attempt to show conversation with a person, since deceased, by a party interested in the outcome of the action. The statement sought to be proved was: "Oh, Sally, that pipe!"

Plaintiff argues that the statement was part of the res gestae, that it comes within the exception to the hearsay rule, and was therefore admissible. That it was made so near to the time and place of the accident as to be part of the res gestae, and not excluded by the hearsay rule, may be conceded for the purpose of this appeal.

G. S. 1923 (2 Mason, 1927) § 9817, provides that it shall not be competent for any party or person interested in the event of an action to give evidence therein concerning any conversation with or admission of a deceased or insane party or person relative to any matter at issue between the parties. The only exception is where the testimony of such deceased or insane person has been taken before his death or insanity, concerning such conversation or admission, and has been preserved and can be produced. These provisions are statutory law in this state. No reference to the hearsay rule is made. The hearsay rule and its exceptions are growths of judicial decisions and must yield to the statute when the statute applies.

In applying the statute we have held that, being a limitation of the general rule of competency found in G. S. 1923 (2 Mason, 1927) § 9814, it should be strictly construed. In re Will of Brown, 38 Minn. 112, 35 N. W. 726; Geisler v. Geisler, 160 Minn. 463, 200 N. W. 742.

On the other hand, the court, speaking by Justice Mitchell, in Kells v. Webster, 71 Minn. 276, 281, 73 N. W. 962, 964, said that this statute "is founded on the plainest principles of common justice and fair play, and, so far from being cut down or evaded by construction, ought to be favored and liberally construed, so as to effect the purpose of its enactment."

By force of the statute, evidence relative to conversations with or admissions of a person since deceased, by a person interested in the outcome of the action, is not rendered admissible by the fact that it is a part of the res gestae or on the ground that it is not hearsay. If it were otherwise, the statute would have such limited application as to be of little or no practical effect. Take the numerous cases where actions are brought upon or to enforce an oral contract made by a person since deceased, the conversations or statements of the deceased are what make the contract, the very thing upon which the action is founded. Such conversations or statements are part of the res gestae and are excepted from the hearsay rule on that ground, but cannot be testified to by a person interested in the outcome of the action, because the statute makes such a witness incompetent so to testify.

The distinction between the statute and the hearsay rules is not clearly shown in some of our decisions.

In Clark v. Davis, 153 Minn. 143, 190 N. W. 45, statements by an injured person since deceased were testified to by a person interested in the outcome of the action. This court said the evidence could be received only under the exception to the hearsay rule, as part of the res gestae. So considered, the evidence was held admissible. The statute excluding evidence of conversations with or admissions of persons since deceased, by a person interested in the outcome of the action, is not referred to in the opinion.

In Geisler v. Geisler, 160 Minn. 463, 200 N. W. 742, 744, a person interested in the outcome of the action was permitted to testify to declarations of a person since deceased as to the legitimacy of the appellant as a child of decedent, generally referred to as pedigree testimony. It was pointed out that the evidence was admissible under an exception to the hearsay rule or as never having been within the hearsay rule. The court then cited the statute we are considering and said [160 Minn. 466]:

"It is not a too strained construction that family tradition and declarations of decedents as to facts of family history, long received almost from necessity to prove facts of pedigree and the like, do not constitute a 'conversation' or 'admission' within the meaning of the statute."

Giving effect to this case as a holding that pedigree testimony is not within the statute, it does not aid us materially here, where no such testimony is involved. We are asked here to make a broader and further exception from the statute by holding that oral declarations of a person since deceased, as to the cause of an accident wherein he was fatally injured, are not conversations of or admissions by the decedent within the meaning of the statute. If the statute is not to be rendered meaningless, we think it should not be "cut down or evaded by construction," as said in Kells v. Webster, 71 Minn. 276, 281, 73 N. W. 962, 964. To do so would amount to amendment by judicial construction.

In State ex rel. Rinker v. District Court, 142 Minn. 420, 172 N. W. 311, testimony by a person interested in the outcome, as to statements made by the person injured, since deceased, concerning the cause of his injuries, made at a time and place such that they might come within the res gestae rule, was held inadmissible under the statute.

In Johnston v. W. S. Nott Co. 183 Minn. 309, 236 N. W. 466, conversation by the injured person with his wife, interested in the outcome of the proceeding, was held inadmissible. The opinion does not expressly state that it was excluded under the statute; but, coupling the holding with the statement that the wife was the

sole dependent, the reasonable inference is that this was the reason for its exclusion.

In State Bank v. Strandberg, 148 Minn. 108, 180 N. W. 1006, an interested witness testified to a conversation with a living person, but in that conversation recited to the living person a conversation had by the witness with a person since deceased. The reception of this evidence was held not error because part of the conversation, not relating to what had been said to the witness by the person since deceased, was properly admissible, and the general objection to the entire conversation was held insufficient, there being no motion or request made to the court to limit or eliminate the objectionable part of the testimony. The inference is that, if proper objection had been made to the objectionable part of the testimony, it would have been excluded.

We have several cases where a witness not interested in the outcome has been permitted to testify to conversations with or statements made by either a person since deceased or a living person, where the conversations or declarations were part of the res gestae and not hearsay. Lambrecht v. Schreyer, 129 Minn. 271, 152 N. W. 645, L. R. A. 1915E, 812; Roach v. G. N. Ry. Co. 133 Minn. 257, 158 N. W. 232; State v. Sweeney, 180 Minn. 450, 231 N. W. 225, 73 A. L. R. 380, are examples.

. In re Will of Brown, 38 Minn. 112, 35 N. W. 726, and Wheeler v. McKeon, 137 Minn. 92, 162 N. W. 1070, 1 A. L. R. 1514, are cases where statements or exclamations of persons since deceased were received for the purpose of showing the mental condition of the decedents, to show incompetency to make a will or contract. It is carefully pointed out in those cases that the statements or declarations did not relate to the execution of the will or contract in issue; in other words, did not relate to the particular issue in the case.

In Reams v. C. M. St. P. & P. R. Co. 180 Minn. 534, 231 N. W. 236, the appeal was by the plaintiff, and the correctness of the admission of evidence in plaintiff's favor was not here for review and we declined to pass upon it.

We have a few cases where statements or declarations, made outside of court, in relation to a transaction, have been classed as

verbal acts. Hanson v. Johnson, 161 Minn. 229, 201 N. W. 322; State v. Sweeney, 180 Minn. 450, 231 N. W. 225, 73 A. L. R. 380. The court bases this classification on Fredin v. Richards, 66 Minn. 46, 68 N. W. 402, and State Bank v. Strandberg, 148 Minn. 108, 180 N. W. 1006. These holdings are based on the proposition that such verbal acts come within the exception to the hearsay rule as original direct evidence, a part of the res gestae. In none of the cases except State Bank v. Strandberg, 148 Minn. 108, 180 N. W. 1006, was the one who had made the statements dead; and, as already noted, in that case it was held that if properly objected to the evidence would have been excluded under the statute. In the Sweeney case, 180 Minn. 450, 231 N. W. 225, the court states that such verbal acts are an exception to the hearsay rule. The objection made to the evidence in these cases was that it was hearsay.

In Chadwick v. Cornish, 26 Minn. 28, 31, 1 N. W. 55, 57, the plaintiff sought to testify to acts, not words, of a deceased person, in making payment upon a promissory note. The court in holding this evidence admissible said:

"The language of the act, 'any conversation with, or admission of,' refers, strictly, only to spoken words." ·

We find no good grounds for excepting from the statute words spoken by an injured person to one interested in the outcome of the action. If the statute is to be amended, it must be done by the legislature.

■ Plaintiff contends that Sally Kenny was not interested in the outcome of the action. The claim is answered by the wording of G. S. 1923 (2 Mason, 1927) § 9657, providing that recovery in the action shall be for the exclusive benefit of the surviving spouse and next of kin. Here there was no surviving spouse, and Sally Kenny was one of three surviving children. Plaintiff sought to avoid the statute by his attorney's making a statement in open court, made a part of the record, that no general damages would be claimed, although alleged in the complaint, and that all that would be claimed was for expenses of burial and last sickness. The statute provides that funeral expenses and claims for support allowed

by the probate court shall be first paid out of the recovery. Presumably the next of kin were as much interested in the recovery of these items as in any other recovery.

On the record before us, Sally Kenny was interested in the event of the action and incompetent to testify as to conversations with or admissions of the decedent.

■ The defendants claim that the evidence shows as a matter of law that decedent was guilty of contributory negligence. No one saw the accident; and, in view of the presumption of due care in such a case, the claim is not sustained.

■ On the part of the city, it is suggested that the record does not show any service upon it of any notice of the accident or of plaintiff's claim. The question does not appear to have been called to the attention of the court at the trial. It was not specified as one of the grounds in the motion for the dismissal at the close of the evidence, and need not be considered on this appeal by plaintiff.

■ The remaining questions are whether, without the evidence of Sally Kenny as to what her mother said to her, there was sufficient evidence to go to the jury on the issue of negligence on the part of both or either of the defendants, and on the issue of the causal connection of any such negligence with the injury of the decedent.

Garrick Brothers had a contract with the city to lay some concrete paving. Water was necessary with which to mix the concrete and wet down the pavement until it became properly set. To bring the water to the alley where the paving was being done, an iron pipe about two inches in diameter was laid from a hydrant at the street corner upon and along the inner edge of the sidewalk back to the alley. This pipe extended in this manner past the end of a private walk extending from the sidewalk to the rear entrance of an apartment building wherein the decedent resided. This entrance walk to the apartment building was about four inches higher than the sidewalk and had in it a step four inches high, located about 12 inches back from the junction of the two walks, making a step-down to the level of the sidewalk. The pipe in question was thus about 12 inches in front of this step, towards the street. The

sidewalk at this place was slightly uneven. The decedent was 91 years of age.

At about six o'clock on the morning of November 4, 1929, she left the apartment to go out on the sidewalk over this rear entrance walk. A short time thereafter, perhaps in about 15 minutes, she was found lying on the sidewalk in front of this rear entrance to the apartment. Her feet were some six inches from and outside of the iron pipe, and her body extended outward toward the street. She was in an injured condition, with a broken hip and other injuries, from which she died on December 4, 1929. The plaintiff's claim is that the defendants Garrick Brothers were negligent in placing and permitting the iron pipe to remain on the sidewalk without any covering or protection; that the city had knowledge of the situation and was negligent in permitting it to continue; and that decedent stumbled and tripped over the iron pipe in question, causing her to fall and suffer the injuries resulting in her death.

An order dismissing an action at the close of the evidence should not be granted if there is evidence which would reasonably sustain a verdict in favor of plaintiff. Whether it was negligence on the part of the defendants or either of them to place and maintain the iron pipe in the position stated, without any precaution to protect persons from tripping over it at this place, was, under all the circumstances, a question of fact. Comparatively small defects in or obstructions on public walks have been held sufficient evidence of negligence. Bieber v. City of St. Paul, 87 Minn. 35, 91 N. W. 20; Sumner v. City of Northfield, 96 Minn. 107, 104 N. W. 686; Leystrom v. City of Ada, 110 Minn. 340, 125 N. W. 507; Hufman v. City of Crookston, 113 Minn. 232, 129 N. W. 219; Fortmeyer v. National Biscuit Co. 116 Minn. 158, 133 N. W. 461, 37 L.R.A.(N.S.) 569; O'Brien v. City of St. Paul, 116 Minn. 249, 133 N. W. 981, Ann. Cas. 1913A, 668; Latell v. Cunningham, 122 Minn. 144, 142 N. W. 141; Bowen v. City of St. Paul, 152 Minn. 123, 188 N. W. 544.

■ As to the pipe being the cause of decedent's fall and injury, there is no direct evidence of her tripping or falling over it. The

accident happened early in the morning. Decedent was familiar with the entrance walk and also knew of the presence of the pipe. We have not attempted to state all the particulars of the evidence. The plaintiff must prove that the injury to decedent came from some act or omission of the defendants for the result of which they were liable. The proof need not be direct or positive. It must not leave the cause of injury in the field of conjecture or speculation. It must furnish a reasonable basis for the inference by the jury of the ultimate fact that the alleged negligence was the cause of the injury. Bruckman v. C. St. P. M. & O. Ry. Co. 110 Minn. 308, 125 N. W. 263; Hurley v. Illinois Cent. R. Co. 133 Minn. 101, 157 N. W. 1005; MacIntosh v. G. N. Ry. Co. 151 Minn. 527, 188 N. W. 551; Dushaw v. G. N. Ry. Co. 157 Minn. 171, 195 N. W. 893; Rasmussen v. George Benz & Sons, 168 Minn. 319, 210 N. W. 75, 212 N. W. 20.

Under the rules announced in these and other cases, a finding by the jury that decedent's injury was caused by the presence of the iron pipe in question would have reasonable support in the evidence and not be a matter of mere conjecture or speculation. Such a finding would not be so lacking in support by the evidence as to require the trial court or this court to set it aside.

It was error to dismiss the case, and the order appealed from is reversed.

Stone, J. (dissenting).

I cannot see where or how the issue of causation was put beyond sheer conjecture. The supposition for plaintiff is that the fall was caused by the water pipe. It seems equally probable that if there was such a cause, it was the step. Where there are two equally possible causes of injury, for only one of which defendant can be liable, the plaintiff has not sustained the burden of proof, and there can be no recovery. Alling v. N. W. Bell Tel. Co. 156 Minn. 60, 194 N. W. 313; 4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7047.