# LORETTA MOCKLER v. CITY OF STILLWATER.[1]

December 16, 1955.

No. 36,657.

---

[1]Reported in 74 N. W. (2d) 118.

*William T. Johnson,* for appellant.

*Carroll, Thorson & Anderson* and *Jerome T. Anderson,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court denying plaintiff's motion for a new trial.

Plaintiff, a single woman, 57 years of age, who owns and operates a beauty parlor in downtown Stillwater, was walking along Churchill Street in that city on June 7, 1954, on her way to her niece's residence. She stumbled on a raise of approximately one inch in the sidewalk edge and received injuries. She testified that she did not see the defect in the sidewalk before the accident nor had she any prior knowledge of the defect. The sidewalk was clear and unobstructed at the time the accident occurred, about 5:45 p. m., and it was daylight.

After defendant rested, plaintiff moved the court for a directed verdict in her favor and requested the court to submit only the question of damages to the jury, which motion was denied. Plaintiff's pertinent assignments of error which we deem necessary to consider on this appeal are that the trial court erred:

(1) In limiting the testimony of one Mary R. Yerka and prohibiting her from testifying as to her own personal experience in stumbling four times, and falling one of those times, at the place of the obstruction in the sidewalk.

(2) In connection with the instructions to the jury with reference to the nonresponsibility of a municipality for every inequality or irregularity in the surface of a way, such as a slight depression or raise.

(3) In connection with the instruction as to the degree of contributory negligence of the plaintiff.

With reference to assignment of error as to the limitation of the testimony of the witness Mary R. Yerka, it appears from the record that on the second day of the trial she was called as a witness

by plaintiff. She had been a member of the jury panel and a prospective juror in the case at bar but was excused. Defendant objected to Mrs. Yerka testifying in any manner whatsoever on the grounds of prejudice and sympathy. Plaintiff thereupon offered to prove, among other things, that the witness would testify that she lived in the block in which the sidewalk in question is located; that because she had lived in that particular location for about 30 years she has had occasion to use the sidewalk, particularly during the past ten years when she walked on it four times a day to and from her employment; and that she was familiar with the raise in the sidewalk edge at the place in question and in fact had stumbled on it four times, one of which times she fell down. After some discussion, the court ruled that it was going to permit the witness to testify only as to the condition of the sidewalk and as to her knowledge of other accidents at the place in question. In this respect after testifying as to the condition of the sidewalk the witness was asked on direct examination:

"Q. Do you know if anyone or anybody—just answer this 'yes' or 'no'—if anybody has ever fallen or stumbled at this particular place in this sidewalk?

"The Court: Just answer 'yes' or 'no'?

"A. Yes.

"Mr. Johnson [Plaintiff's attorney]: That is all."

On cross-examination by defendant the witness was asked whether the sidewalk had been raised or if the raise had increased within the last three and a half years, to which she replied that she could not state definitely but that she thought it was about the same. She was then asked:

"Q. Did you ever pay any particular attention? Did you ever look at that spot and say that it's so high and say later that it is so high now?

"A. Three and a half years ago I noted that spot because I stumbled there myself."

At that point counsel for defendant objected and moved to have the answer stricken as not responsive and to have the jury disregard it, which motion was granted by the court.

It is our opinion that it was reversible error to limit the witness' testimony to the extent it was limited in this instance. The law is well settled in this state that evidence of similar accidents from the same inanimate cause is admissible to prove that the common cause was dangerous and likely to cause such accidents. Taylor v. Northern States Power Co. 192 Minn. 415, 256 N. W. 674; Phelps v. Winona & St. Peter R. Co. 37 Minn. 485, 35 N. W. 273; Asplind v. Fred W. Pearce Corp. 175 Minn. 445, 221 N. W. 679. In Taylor v. Northern States Power Co. *supra,* this court pointed out that for more than 50 years we have held, in cases where the issue is a dangerous or defective condition of an instrumentality or of a place, that it is competent and material to prove that others than plaintiff had experienced effects of a similar nature to that of the plaintiff when making use of such instrumentality or place.

We believe that the witness should have been permitted to testify completely as to her own experiences or observations in connection with the sidewalk in question. It is our opinion that in the absence of other prejudicial reasons not shown here, if the witness was otherwise qualified to testify, competent testimony should not have been limited merely because she had been challenged and excused as a member of the jury panel from which the jury hearing the case was selected. Commonwealth v. Sutton, 171 Pa. Super. 105, 90 A. (2d) 264.[2]

Defendant has called our attention to the fact that plaintiff did not take exception or make objection to the court's action in striking the answer of witness Yerka pertaining to her own experience with regard to the sidewalk in question. Rule 46, Rules of Civil Procedure, provides that formal exceptions to rulings and orders of the court are unnecessary, but that, for all purposes for which an exception has been heretofore taken, it is sufficient that the party at the time the ruling or order of the court is made or sought makes known to the court the action which he desires the court to take or his objection to the action of the court and his ground therefor. It is apparent, therefore, that plaintiff's offer of proof upon which the

[2]May a juror testify? When? See, M. S. A. 631.05.

court had previously ruled clearly informed the court as to the action desired by the plaintiff in regard to this matter and made unnecessary any formal exception at a later time.

■ With reference to plaintiff's assignment of error as to the court's instructions regarding the size of the defect in the sidewalk, the instruction was as follows:

· "A municipal corporation is not charged with responsibility for every mere inequality or irregularity in the surface of the way, *such as a slight depression or raise,* but liability may be attached if the defect is of such a nature that danger therefrom might reasonably be anticipated by a reasonably prudent person in the exercise of due care." (Italics supplied.)

This court has indicated in connection with sidewalk defects which are claimed to be responsible for the fall and injury of a plaintiff that it is impossible to prescribe the exact limits from which in all cases it may be determined what character or defect in a public street constitutes negligence on the part of a municipality. Bieber v. City of St. Paul, 87 Minn. 35, 91 N. W. 20; Estabrook v. City of Duluth, 142 Minn. 318, 172 N. W. 123; McGandy v. City of Marshall, 178 Minn. 326, 227 N. W. 177; Leystrom v. City of Ada, 110 Minn. 340, 125 N. W. 507; Sumner v. City of Northfield, 96 Minn. 107, 104 N. W. 686.

In Leystrom v. City of Ada, *supra,* it was undisputed that the defect in a sidewalk caused the fall and injury to the plaintiff. It was argued, however, that the defect complained of was so slight that the negligence could not be predicated upon it. We said there that it was apparent that the smaller the aperture in the sidewalk the less likely it would be to attract a pedestrian's attention and that therefore a slight defect possesses elements of danger which would not be found in a larger and more noticeable one.

In Sumner v. City of Northfield, *supra,* also involving a defective sidewalk, this court stated that neither the dimensions of the hole nor the depth of the depression are necessarily the exclusive tests of danger; that even a small V-shaped hole might contain many ele-

ments of hazard and could become more perilous than a much larger and more conspicuous depression.

It is our opinion, therefore, that, while the inclusion of the words "such as a slight depression or raise" might not in itself constitute reversible error under the record here, the charge would have been unobjectionable if those words had been omitted.

■ In connection with the assignment of error with reference to the question of plaintiff's contributory negligence, the instruction was in part as follows:

"It is the law of this state that a person injured cannot recover damages if that person *is negligent in any degree whatsoever,* and such negligence is a proximate and contributing cause of the accident from which the injury and damage complained of resulted." (Italics supplied.)

The rule of care which should be applied to contributory negligence is the same rule that is applied to negligence, to wit: such care as a person of ordinary prudence would exercise under the same or similar circumstances. Craig v. Benedictine Sisters Hospital Assn. 88 Minn. 535, 93 N. W. 669; Mingo v. Extrand, 180 Minn. 395, 230 N. W. 895. We have stated that references in the charge to the jury with respect to the degree of negligence by use of words such as "negligent in any degree whatsoever" or "in the slightest degree" are objectionable. Craig v. Benedictine Sisters Hospital Assn. *supra;* Roach v. Roth, 156 Minn. 107, 194 N. W. 322. In the Roth case this court said that want of ordinary care is the test of contributory negligence and that a charge which refers to negligence "in any degree whatsoever" is objectionable, and more so when it refers to negligence in the slightest degree. The reason given in that case was that it tends to mislead or to confuse the jury and is error unless the occasion is an exceptional one.

It is true that the court at another place in its charge attempted to correct any misunderstanding with reference to the degree of contributory negligence. The court there stated that if the jury found that the defendant had established by a preponderance of the evidence that the accident and resulting injury to plaintiff were due to

plaintiff's own negligence which contributed as a proximate cause to her injury, it should find for the defendant. It is still questionable as to whether the jury might not have been impressed with the fact that, if there was any degree of negligence whatsoever, the plaintiff should not have recovered. While here again there is objectionable language, it is a situation which standing alone would probably not have constituted reversible error.

It is our opinion, after considering the above referred to assignments of error, that a new trial should be granted.

Defendant refers in its brief to the failure of plaintiff to object to the court's charges to the jury in connection with assignments two and three above. Although we have discussed those assignments, it is our opinion that the limitation of testimony of the witness referred to in assignment one constituted reversible error sufficient to justify a new trial, and we therefore deem it unnecessary to further consider defendant's objections on these points.

Reversed and a new trial granted.