Francis T. LEMIEUX

v.

STATE of Maine et al.

Supreme Judicial Court of Maine.

April 4, 1968.

James H. Kendall, Rumford, for appellant.

John W. Benoit, Asst. Atty. Gen., Augusta, for appellee.

Before WILLIAMSON, C. J., and TAPLEY, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

TAPLEY, Justice.

On appeal. This is a post-conviction habeas corpus case having been appealed from the decision of a single Justice. The petitioner (hereinafter referred to as the appellant) was represented by court-appointed counsel at the hearing and prior thereto. After the filing of the original petition counsel was appointed who thereafter caused to be filed an amendment to the original petition. Appellant, on April 29, 1966, by complaint issued out of District Court, District 11, was charged with the crime of assault and, after hearing, was found guilty and sentenced to pay a fine of $100 or, in the alternative, to serve 30 days in the County Jail. He seasonably appealed this judgment to the Superior Court. At the May Term, 1966 of the Superior Court, within and for the County of Oxford, an indictment was returned against the petitioner charging him with assault, being the same assault as was alleged in the complaint, the judgment on which was appealed. After the indictment was returned the appellant, through counsel, filed a motion to dismiss the indictment, which was denied. The appellant was tried before a jury, resulting in the verdict of guilty. The appellant was sentenced to State Prison for a term of 1½ years to 5 years. He was committed to State Prison in execution of the sentence. After the return of the indictment, and previous to trial thereon, the complaint which was then in the jurisdiction of the Superior Court on the appeal was dismissed on motion of the State. No notice of the filing of the motion was given to the appellant.

Appellant claims he is illegally confined because (1) he was convicted of the offense of assault in the 11th District Court and his subsequent conviction of assault in the Superior Court on an indictment constituted double jeopardy; (2) that because he was convicted of assault in the District Court he legally could not be found guilty of the assault (of an aggravated nature) in the Superior Court; (3) that he suffered prejudice and there was error because he or his attorney were not aware of the State's motion to dismiss the District Court complaint which was allowed by the Superior Court Justice, resulting in a dismissal of the complaint; (4) that the presiding Justice, when he determined the issue of aggravation, was in error because the question should have been submitted to the trial jury; (5) there was error in permitting Elliot L. Wyman, who was one of the members of the jury panel called for duty at the May Term, 1966, to testify as a rebuttal witness at the petitioner's trial held that term; (6) that the sentence imposed in the Superior Court could not legally be in excess than that sentence imposed in the District Court; and (7) that when a defendant appeals a District Court conviction for assault and the State obtains an indictment for the same offense the defendant is entitled to a trial de novo on the complaint.

Parties have presented an agreed statement of facts as to the testimony before the single Justice at the habeas corpus hearing. It concerns the participation of Elliot L. Wyman in the case. The substance of the statement of facts is as follows:

Mr. Elliot L. Wyman was selected for jury service at the term of the Superior Court during which the appellant was tried. In open court, and in the presence of the appellant and his counsel, Mr. Wyman made known to the presiding Justice that he had some knowledge of the case. Mr. Wyman was then excused from jury service on the case. He did not at any time during the appellant's trial discuss with any of the jurors the case or any of the facts known to him relative to the case. He remained in the courtroom while certain of the defense witnesses were testifying. Later he informed

the Sheriff that he had certain knowledge relative to the case. The information was transmitted to the County Attorney. Mr. Wyman was then instructed by the County Attorney to remain out of the courtroom until he was called by him. Mr. Wyman could not recall if he remained outside the courtroom until he was called to give brief rebuttal testimony.

The gist of the testimony given by the appellant was that Mr. Wyman had left the courtroom in the presence of the County Attorney. Appellant testified that he did not see Mr. Wyman talking with any of the jurors prior to the start of the case nor did he see Mr. Wyman talking with any of the jurors after the case had commenced.

The wife of the appellant stated that Mr. Wyman appeared nervous while he was in the courtroom; that he left the courtroom during one of the recesses and returned later; that he was in the courtroom a good portion of the trial but she did not see him talking with any of the jurors, either before or after the trial. The County Attorney testified he instructed Mr. Wyman not to enter the courtroom until he was called for the purpose of giving rebuttal testimony.

■ A member of the jury panel who is excused from serving on the jury on a particular case is not incompetent to testify as a witness in that case. Commonwealth v. Sutton, 171 Pa.Super. 105, 90 A.2d 264; Mockler v. City of Stillwater, 246 Minn. 39, 74 N.W.2d 118.

"In this state there is no statute or rule of court requiring the presiding justice, on motion, to segregate the witnesses during the trial. Whether or not the witnesses should be segregated in a given case, rests in the sound discretion of the court, * * *." State v. Cox, 138 Me. 151, 178, 23 A.2d 634, 647.

The appellant's complaint in this respect attacks an alleged trial error and is not subject to review in a habeas corpus proceeding as it is not an appeal process. 14 M.R.S.A. Sec. 5502. There is no merit in this contention of the appellant.

■ The appellant, after conviction in the District Court, entered an appeal to the Superior Court. District Court Criminal Rules, rule 37.

The appellant is entitled to a trial de novo in the Superior Court. District Court Criminal Rules, Rule 39(b).

"A trial de novo is required to protect the defendant's constitutional right to a jury trial." Commentary #139.2 under Rule 39 of the District Court Criminal Rules.

■ After the case had been docketed in the Superior Court that court had exclusive jurisdiction over the same. The Maine Rules of Criminal Procedure then became effective.

The appellant claims error because the complaint was dismissed on motion of the State without knowledge on his part. Maine Rules of Criminal Procedure, Rule 48(a).

"Rule 48(a) essentially restates the preexisting law in Maine. The attorney for the State may dismiss an indictment, information or complaint in writing with written leave of the court. * * *

"The dismissal contemplated by this rule is a dismissal without prejudice and does not prevent the reinstitution of the criminal proceeding against the defendant. Jeopardy has not attached and there is nothing to prevent the prosecution being commenced again.

"To prevent harassment of a defendant, if the trial has commenced a dismissal may not be filed without the defendant's consent. * * *."

Commentary 48.1, Maine Practice 3 Rules of Criminal Procedure (Glassman).

In State v. Kopelow, 126 Me. 384, on page 386, 138 A. 625, on page 626, in speaking of the legal effect of a nolle prosequi the Court said:

"Its effect is to discharge the respondent and permit him to leave court without entering into a recognizance to appear at any other time; but it does not operate as an acquittal, for he may afterwards be again indicted for the same offense."

■ The appellant suffered no violation of due process when the appealed case was dismissed without his knowledge.

The indictment returned at the same term that the complaint was dismissed charged the appellant with exactly the same crime as was alleged in the complaint.

A motion to dismiss the indictment was denied by the presiding Justice, whereupon the appellant was put upon trial on the indictment.

■ The plea of former jeopardy does not lie. When the appellant appealed to the Superior Court the conviction was vacated. State v. Diggins, 95 R.I. 166, 185 A.2d 300. The crime charged in the indictment was the same as alleged in the complaint. Because of the appeal there was no prior conviction, therefore there was no bar to prosecution under the indictment. See 61 A.L.R.2d with annotations beginning on page 1224.

The jury returned a verdict of guilty of assault. The presiding Justice determined there was aggravation and imposed sentence on the basis of this fact.

"At common law there were, and are, no degrees of the offense of assault and battery. The term aggravated assault had, and has, no technical meaning. There was, and is, but one grade of the offense and the penalty varies according to the discretion of the court. * * * The offensive conduct may constitute a misdemeanor or a felony." State v. Bey, 161 Me. 23, 26, 206 A.2d 413, 415.

"The matter of the aggravation has to do only with the sentence and is a matter for the Court, whose duty it is to sentence." State v. McKrackern, 141 Me. 194, 207, 208, 41 A.2d 817, 822.

See Rell v. State, 136 Me. 322, 9 A.2d 129.

■ Counsel for the appellant argues that his client by being tried on the indictment was deprived of due process. He theorizes that had the trial been on the complaint the sentence could be no more than for a misdemeanor; that where there is a question of matters of aggravation he must gamble on appeal that the State may not attempt to procure an indictment against him. He further says that an appellant may be indicted when it is too late to abide the District Court sentence, so under these circumstances he has wagered a District Court fine or a short sentence against a risk of a five year imprisonment.

We find that Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, and Palko v. State of Conn., 302 U.S. 319, 58 S. Ct. 149, 82 L.Ed. 288, are not in point in light of the circumstances of the instant case. In each of these cases there were two separate offenses involved, while in the case at bar there is only one, both the complaint and indictment charging the same offense.

The appellant was found guilty of assault in the District Court and sentenced. He appealed to the Superior Court and in doing so the judgment of the lower court was vacated and the case came within the jurisdiction of the Superior Court to be tried de novo. The appellant was indicted at the same term of court for the identical offense of assault. The complaint on motion of the State was dismissed. The appellant was tried on the indictment and convicted of assault. The court then found the assault to be of a high and aggravated nature, the sentence being

based on these findings. The element of aggravation is no part of the crime. It has to do only with the severity of sentence. State v. McKrackern, supra. The offense may be either a misdemeanor or a felony, depending upon a finding of aggravation.

Each step in this case from the proceedings in the District Court to final judgment in the Superior Court has been in accordance with the statute, the case law of the State and the rules of criminal procedure.

The appellant has suffered no deprivation of his constitutional rights.

There is no error in the findings and judgment of the single Justice.

Appeal denied.

WEBBER, J., did not sit.

DUFRESNE, J., sat at argument but did not participate in this decision.